SEVERIN v. COLE AND THE B., C. R. & M. R'Y Co.

38 463
84 412

1. **Ad quod damnum:** RIGHTS OF MORTGAGEE UNDER. The mortgagee of real estate is an owner in such a sense that he is entitled to notice of the assessment of damages for a right of way over such property. Proceedings under *ad quod damnum*, after notice to the mortgagor alone, will not defeat his paramount title.

2. **Foreclosure:** RIGHT OF WAY. The judgment of foreclosure, where the mortgage is paramount to the right of way, should direct the sale of the property, subject to the right of way, or, that being insufficient to pay the mortgage debt, then the sale of such right of way either with the lot or independent of it, as shall be most advantageous.

*Appeal from Blackhawk District Court.*

FRIDAY, JUNE 12.

ACTION to foreclose a mortgage on lot 8, in block 7 of D. & G.'s addition to Cedar Falls, given to secure $879.81, made by the defendant, Sarah Cole, to John Zack, February 15, 1870, and recorded February 22, 1870. November 29, 1870, Zack sold and assigned the note and mortgage to L. H. Severin. February 1, 1871, L. H. Severin sold and assigned the note and mortgage to plaintiff, who commenced this action May 11, 1871. The B., C. R. & M. R. Co. was made defendant, as claiming some interest in the lot, which is averred to be junior, and subject to plaintiff's lien. The railroad company, by answer, set up a paramount title, acquired August 21, 1870, by *ad quod damnum* proceedings, upon notice to Sarah Cole, for a right of way, and the payment to the sheriff of the damages assessed, $450, and possession taken thereunder. The plaintiff demurred to this answer, the demurrer was sustained, and the defendant, the railroad company, appeals.

*A. S. Belt,* for appellant.

No appearance for appellee.

COLE, J.—I. The single question presented by this record is, whether a railroad company, by an *ad quod damnum*

proceeding upon notice to a mortgagor alone in possession,
the mortgage being upon record, and by the pay-
ment to the sheriff of the damages assessed, acquires
a title to the right of way, free from or paramount
to the mortgage. We have no hesitation in answering this
question in the negative; and this answer accords with the
views of the District Court in sustaining the demurrer.

**1. AD QUOD DAMNUM: rights of mortgage under.**

Our statute (Rev. of 1860, §§ 1314 to 1331) provides that if
" the owners of any real estate " shall refuse to grant the right
of way, then the commissioners appointed to assess the dam-
ages, " by giving the said owner or guardian five days' notice
thereof in writing," etc., may proceed to assess the damages,
etc. By sub-division 8 of § 29, it is enacted that " the word
' land,' and the phrases ' real estate ' and ' real property,'
include lands, tenements, and hereditaments, and all *rights
thereto* and interests therein, *equitable* as well as legal." An
owner of real estate then, under our law, is any person who
has an equitable right to, or interest in it. A mortgagee
is such person. *White v. Rittenmeyer*, 30 Iowa, 268, and
cases cited. The mortgagor, it is true, holds the legal title;
but the mortgagee has an equitable interest in, or right to,
the mortgaged property, and under the above statute is an
" owner of the real property." *Monroe et al. v. West et al.*,
12 Iowa, 119; *Choteau et al. v. Thompson et al.*, 2 Ohio State,
114; *Dutro v. Wilson*, 4 Ohio State, 101. This rule too is
equitable and just. The mortgage being of record, it was
entirely practicable for the defendant, in obtaining its right
of way, to give notice to the mortgagee of record, and thereby
protect its own interests and those of such mortgagee or
his assigns. If the assignee of the mortgage failed to place
the evidence and notice of his ownership upon record, he
would doubtless be concluded by whatever would, in such
case, conclude his assignor. Under the rule contended for
by the appellant's counsel, a mortgagee would be wholly with-
out protection, for a railroad company might take an entire
lot, mortgaged, for its right of way, and upon notice only to
the mortgagor, could have the damages assessed, and upon
payment to the sheriff, the mortgagor could take it all, and

leave the mortgagee without any remedy under his mortgage. The railroad company cannot obtain by proceedings under *ad quod damnum*, greater rights than it could acquire as an innocent purchaser for value, from the owner to whom notice is given. The case of *Ballard v. Ballard Vale Company*, 5 Gray, 468, sustains this view; *Breed v. Eastern R. R. Co.*, is only reported as a note to this case, page 470. The case of *Boynton v. Peterborough & Shirley R. R. Co.*, 4 Cush., 467, is not in conflict with this view, but turns wholly on the technical inheritance by the heir.

II. The District Court, however, after sustaining the demurrer, rendered a judgment for the sale of the whole lot,
2. FORECLO-
SURE: right
of way.
including the right of way. The defendant, by its proceedings in *ad quod damnum*, and the payment of the assessed damages, acquired the title to such right of way, subject only to the plaintiff's prior lien. The judgment of foreclosure should have directed the offer for sale of the lot subject to the defendant's right of way, and in case the lot would not under such sale sell for enough to pay off the mortgage debt, then to sell such right of way either with the lot or independent of it, as should be found most advantageous. With this modification, at the costs of the appellee, the judgment will be

AFFIRMED.