COCHRAN v. THE IND. SCHOOL DIST. OF COUNCIL BLUFFS.

1. **School District**: CONDEMNATION OF LAND: NOTICE. The holder of a certificate of tax sale is entitled to notice of proceedings to condemn the land embraced in his certificate for a school-house site, and he cannot be deprived of his interest without compensation therefor.

2. ———: ———: ———. A notice by publication, to the holder of the legal title, and "all other persons interested," was *held* not sufficient to charge the holder of the tax-sale certificate with notice.

*Appeal from Pottawattamie District Court.*

FRIDAY, APRIL 25.

THE plaintiff brings this action to quiet his title to a certain lot in Council Bluffs. The defendant, for answer, alleges that the land was, under proper proceedings on the part of the defendant, condemned for school-house purposes, as provided by law, and asks that plaintiff's petition be dismissed.

The cause was submitted to the court on an agreed statement of facts, as follows:

"1. That plaintiff, on November 7, 1871, purchased the real estate in controversy at tax sale, and at time of the condemnation held only a certificate of tax purchase.

"2. That on the 11th day of January, 1877, the county treasurer executed to plaintiff a tax deed on his certificate of purchase.

"3. That prior to 1871, and all times subsequent thereto,

plaintiff has been a resident and a citizen of Pottawattamie county, Iowa, and that he at no time had personal or actual service, or read or saw said notice published in any way, of the said condemnation, until after he had procured his said tax deed for said premises, under said certificate of tax purchase; that he never had possession of said premises.

"4.  That never at any time has he received his redemption money, or been tendered the same from defendant, nor was any portion of the condemnation money set out or appropriated or paid to plaintiff, or tendered to him by defendant, and that the same has never been paid or tendered to him by any one, and that he now claims the title to said premises by virtue of his said tax deed derived from said tax purchase, a copy of which is annexed to his petition.

"5.  That the proceedings contained in exhibit 'A,' hereto annexed, were instituted by defendant; that no other notice was ever served than the one—exhibit 'B,'hereto annexed—for the condemnation of said property.

That the condemnation money, three hundred and sixteen dollars and sixty-six cents, was paid into the county treasurer's office as provided by law, of which plaintiff had no notice or knowledge, and the said sum of money was paid to Sophia Graham, or to the legal representatives of John Knoppels, deceased; that at the time of said condemnation proceedings the record title was in John Knoppels, and the defendant had no actual knowledge of plaintiff's claim under his tax certificate.   But defendant admits that the treasurer, after the said premises were sold, on the 7th day of November, 1871, properly entered the same on the tax-sale books of Pottawattamie county, and properly entered the same on the auditor's books, as provided by statute in relation to the sale of real estate for taxes; that defendant took possession of said real estate under said condemnation proceedings, and now has such possession, and has no other title than derived from the said condemnation proceedings, and that the same are now used for school purposes by virtue thereof."

Exhibit "A," referred to in the foregoing statement of facts, is a record of condemnation of the lot in question for school-house purposes, under sections 1825–1828 of the Code. The condemnation proceedings were consummated on the 18th day of January, 1872. Exhibit "B" is a copy of the notice pursuant to which the condemnation proceedings were instituted. This notice is to "Sophia Graham, late Sophia Knoppels, and the unknown heirs of John Knoppels, deceased, late of Council Bluffs, Iowa, and to all other parties interested," and was published for four consecutive weeks in the Council Bluffs *Weekly Nonpareil*.

Upon the foregoing statement of facts the court rendered a decree in favor of plaintiff, as prayed in his petition. The defendant appeals.

*Scott & Hight*, for appellant.

*Geo. A. Holmes*, for appellee.

DAY, J.—I. The plaintiff purchased the property at tax sale, and received a certificate of purchase before the condemnation proceedings were instituted. By this purchase he acquired a right to have the purchase money, with penalty and interest, refunded to him within three years, or, if this was not done, to have a deed executed to him conveying an absolute title to the property. This right is a valuable one, and plaintiff could not constitutionally be deprived of it without compensation, or, at least, without notice of the condemnation proceedings, which would enable him to assert and protect his rights.

1. SCHOOL district: condemnation of land: notice.

Appellant insists that the statute (sections 1825–1828 of the Code) provides for proceedings against and notice to the owner only; that plaintiff was not the owner at the time these proceedings were instituted, and that, therefore, his rights were taken away without compensation and without notice.

In *Severin v. Cole and The B., C. R. & M. R. Co.*, 38 Iowa,

463, a case not cited by counsel, it was held that, in a proceeding to condemn right of way for railroad, a mortgagee was an owner under the statute, and entitled to compensation. In this case it is said: "The railroad company cannot obtain, by proceedings under *ad quod damnum*, greater rights than it could acquire as an innocent purchaser for value from the owner to whom notice is given." That case, in principle, seems to be decisive of this.

II. It is claimed, however, that a notice was published, directed to the widow and unknown heirs of John Knoppels, deceased, *and to all other persons interested*, and that plaintiff was thus notified of the proceedings to condemn. Section 1827 of the Code provides that the county superintendent shall give to the owner of the real estate to be condemned "the same notice as is required for the commencement of a suit at law in the District Court." The agreed statement of facts shows that the plaintiff, at the time the condemnation proceedings were instituted, was a resident of Pottawattamie county. He could not, therefore, under the statute, be properly notified of the proceeding by publication.

. AFFIRMED.