FIRST NATIONAL BANK OF DAVENPORT v. BAKER.

1. **Practice in Supreme Court**: TRIAL DE NOVO: MOTION FOR DECREE: FRAUD TO DEFEAT. Where a cause is tried *de novo* in the Supreme Court, the successful party is entitled to a decree in that court, if he moves for it; and such motion will not be denied on the ground that the successful party misled opposing counsel and the court from which the appeal came, unless that fact is established by a preponderance of the evidence.

*Appeal from Jasper Circuit Court.*

THUSDAY, DECEMBER 7.

THIS cause was before the court at a former term. An opinion was filed reversing the decree of the Circuit Court. See 57 Iowa, 197. The cause now comes on for hearing on motion of plaintiff for a decree in this court, granting such relief as the court below should have granted, and to which the plaintiff is entitled under the pleadings.

*Bills* and *Block*, for plaintiff.

*Wright, Cummins & Wright*, for defendant.

SEEVERS, CH. J.—This is an action in equity. For a statement of the issues and the nature of the relief asked, see 57 Iowa, 197. The Circuit Court dismissed the petition, and upon appeal to this court this ruling was reversed, and the plaintiff moves for judgment in this court. The defendant resists the motion on the ground that both his counsel and the Circuit Court were misled by counsel for the plaintiff, the claim being that counsel for the plaintiff perpetrated a fraud on the Circuit Court. Several affidavits have been filed by the defendant supporting his theory, and affidavits have been filed by the plaintiff contradictory thereto. Admitting that we have the jurisdiction to weigh and consider these affidavits, as would a court of original jurisdiction, we have carefully read and re-read the several affidavits before us, and feel constrained to say the defendant has failed to establish by a

First National Bank of Davenport v. Baker.

preponderance of the evidence that his attorneys or the court were in any respect misled or deceived by the attorneys for plaintiff. It is unnecessary to set out the evidence or state our reasons. If it be conceded that it is not our province to consider and weigh the evidence submitted in the form of affidavits, then the motion must be determined on the record alone. So that, as the defendant has failed to show by a preponderance of the evidence that either his counsel or the court was misled by counsel for the plaintiff, we can only look to and determine the motion by a consideration of the record·

Under the constitution, the cause, when before the court at the former term, was tried *de novo* in this court. This being so, it must ordinarily follow that the successful party, if he asks it, is entitled to a decree in this court. Such has been the practice ever since the adoption of the constitution.

Counsel for the defendant do not deny this is so, but claim that this court may, and will, in a proper case and for a sufficient reason, remand chancery cases to the court below for further proceeding therein, in accord with the opinion of this court. This claim we do not understand counsel for the plaintiff to controvert, but they insist that no sufficient reason has been shown why the plaintiff is not entitled to a decree in this court. Looking as we must to the record alone, we find the case was submitted by both parties on the pleadings, and we have determined that, on the pleadings, the court erred in dismissing the petition, and reversed the decree below. In substance, this court found that on the pleadings the plaintiff is entitled to a decree.

We are now asked to have it entered of record, and our conclusion is that this must be done. If we do not, then we inaugurate a different practice from that which has prevailed for years, and practically ignore the constitutional provision. For, if we should decline to enter a decree in this case, it would form a precedent, and hereafter no decree could be consistently entered in this court if one of the parties objected thereto. The motion must be

GRANTED.