JACKSON v. THE CENTERVILLE, MORAVIA & ALBIA RAILWAY
COMPANY ET AL.

1. **Title to Real Estate:** PURCHASER PENDENTE LITE BOUND BY
DECREE: RIGHT OF INTERVENTION AND REDEMPTION. Where a rail-
way company procured a conveyance for right of way over a tract of land
encumbered by a mortgage, during the pendency of an action, to which
the grantor was a party, to foreclose the mortgage, it was charged with
notice of the action, without being made a party thereto, and was bound
by the decree of foreclosure. (Code, § 2628; *Cooley v. Brayton*, 16 Iowa,
10; *Crum v. Cotting*, 22 Id., 411.) It might have intervened in the
action for its own protection, but, failing in that, its only remaining
right was to redeem from the foreclosure sale. (*Severin v. Cole*, 38 Iowa,
463.) Failing so to redeem, the sheriff's deed divested it of its title.

2. **Railroads:** RIGHT OF WAY ILLEGALLY HELD: REMEDIES OF LAND-
OWNER. Where possession of land is held by a railway company for
right of way without tender of compensation, the owner is not restricted
to the *ad quod damnum* proceedings provided by statute, but he may

maintain an action for possession. *Daniels v. C. & N. W. R'y Co.*, 35 Iowa, 129, followed.

*Appeal from Appanoose District Court.*

TUESDAY, SEPTEMBER 16..

PLAINTIFF brought this action to recover possession of a strip of land one hundred feet in width through a certain forty acre tract. She alleges in her petition that she is the owner of said strip of land, and that she is entitled to the possession thereof, and that defendants unlawfully keep her out of possession thereof.

The defendants in their answers deny plaintiff's ownership and right of possession of the premises. They admit that. the defendant, the W., St. L. & P. R. R. Co., is in possession of said premises, and allege that it entered as the tenant of the other defendant, and that the latter company acquired the right to use and occupy the same as a right of way for its . railroad by a conveyance thereof, made on the eighth of April, 1880, by one John Artis, who was then the owner of said premises, and that immediately after such purchase it entered into possession of the land in question, and has continued to occupy the same ever since; that at the time of such purchase one Murray had a mortgage on the whole of said forty acre tract, executed by the grantor of said Artis, to secure a debt which he was owing Murray, and that a suit was then pending for the foreclosure of said mortgage, to which Artis was a party; that a judgment was entered in said cause foreclosing said mortgage, and the whole of said forty acre tract was sold on special execution issued thereon, Murray, the judgment plaintiff, being the purchaser, and the right of redemption from which sale has expired; that plaintiff's title to the premises was acquired by quit-claim deed from Murray; that defendants were not made parties to the foreclosure proceeding, and there have been no proceedings against the C., M. & A. R. R. Co. since said foreclosure, for the condemnation of said right of way. There was a trial to the court, and judg-

ment for plaintiff for possession of the premises. Defendants appeal.

*A. J. Baker*, for appellants.

*L. C. Mecham*, for appellee.

REED, J.—There was a finding of facts by the district court, the correctness of which is not questioned. It appears

1. TITLE to real estate: purchaser pendente lite bound by decree: right to intervene and redeem.

from this finding that the mortgage to Murray was executed April 18, 1878. The conveyance to John Artis was given October 8, 1878. The suit to foreclose the mortgage was instituted December 20, 1879, and John Artis was made a party to that suit. The judgment of foreclosure was entered in January, 1881, and the sheriff's deed to Murray was executed in March, 1882. The deed from John Artis to the C., M. & A. R. R. Co. was executed April 8, 1880, and conveyed so much of said tract of land as is within fifty feet of each side of the center line of the track of said railway.

The C., M. & A. R. R. Co. took immediate possession under said deed, and constructed its railway on the strip of land conveyed, and was operating the same when the judgment of foreclosure was entered, and no proceedings to condemn said right of way have ever been had. The sale under the foreclosure proceedings was of the whole of the forty acre tract, and plaintiff's interest therein was acquired by a quit-claim deed executed by Murray, who was the purchaser under the foreclosure proceedings, on the third of June, 1882.

On this state of facts defendants contend: (1) That, as John Artis was the owner of the premises when he executed the conveyance of the right of way to the C., M. & A. Company, the possession of that company and its lessee thereunder was rightful. (2) That, as the railway company was rightfully in possession of the right of way at the time of the sale under the foreclosure, it was the duty of the mortgagee to require the sheriff to first sell the portion of the mortgaged prem-

ises not covered by the easement, and, as this was not done, the sale of the easment is void.    (3) That, as the purchaser at the execution sale, when he obtained the sheriff's deed to the premises, found defendants in possession under a color of title, his remedy was by proceedings under the statute for the assessment of the damages which would result from the appropriation of the right of way; and, (4) That the rights of Murray, the purchaser at the execution sale, were personal to him, and did not pass to his grantee.

A consideration of the effect of the judgment of foreclosure, and the sale of the premises thereunder, will, as we think, dispose of each of these claims.    It will be borne in mind that the action for the foreclosure of the mortgage was pending at the time the C., M. & A. Company purchased the right of way, and Artis, its grantor, was a party to the suit.    It, therefore, not only had notice of the mortgage, but it is bound by the decree.    It is not at all material that it was not a party to the suit, for a purchaser *pendente lite* is bound by the judgment which is finally rendered in the case, although not made a party to it.    Code, § 2628; *Cooley v. Brayton*, 16 Iowa, 10; *Crum v. Cotting*, 22 Iowa, 411; Story's Eq. Plead., § 195.    As the sale was of the whole of the forty acre tract, we must presume that the judgment directed the sale of the whole of it.    There is no claim that this is not so, and, as the whole of the tract was subject to be sold in satisfaction of the mortgaged debt, and as the railway company was not made a party, or the fact of its purchase in any manner suggested in the proceeding, the reasonable presumption is that the decree was in the usual form, and that it directed the sale of the whole of the tract.    It is not doubted that the company might have appeared and been made a party to the proceedings, and that it would have had the right to have the judgment provide that the portion of the premises covered by its easement should be sold only in case the residue thereof did not sell for a sufficient amount to satisfy the mortgage debt. It is held in *Severin v. Cole*, 38 Iowa, 463, that it had this

right. But it did not do this, and, as the decree provided for the sale of the premises without regard to its interest, it cannot now question the sale. And, as it is bound by the judgment against its grantor, it follows necessarily, we think, that the interest acquired by it in the premises is affected by the judgment and proceedings thereunder, in the same manner and to the same extent as it would have been had it remained in the grantor. It had the same right to redeem the portion of the premises covered by the conveyance to it, during the statutory period for redemption, which its grantor would have had if he had not made the conveyance. But upon the execution of the sheriff's deed, when the right to redeem had expired, it was as effectually divested thereby of all interest in the premises as the grantor would have been if the sale to the company had never been made. While its original entry upon the premises, then, was lawful, its occupancy of them after the execution of the sheriff's deed was without right. From that time it was a mere trespasser, and the rightful owner of the premises had the right to maintain his action

2. RAILROADS: right of way illegally held: remedies of land-owner. for possession. It is held in *Daniels v. The C. & N. W. R. R. Co.*, 35 Iowa, 129, that the remedy of the land-owner for the damages which he will sustain by reason of the appropriation of his premises for right of way for a railroad is by *ad quod damnum* proceedings; but it is also held in that case that this remedy is not exclusive of an action for possession, if his property has been taken by the railroad company, without tender of compensation being made.

This holding is conclusive of the rights of the parties. Plaintiff is seeking by this action to recover possession of the premises, and not the damages which she will sustain by reason of their appropriation. We think the conclusion reached by the district court is correct, and the judgment is

AFFIRMED.