GARMOE v. STURGEON ET AL.

1. **Tax Sale and Deed:** NOTICE TO REDEEM: WHEN NOT NECESSARY TO VALIDITY OF DEED: PRESUMPTION ARISING FROM DEED. When land sold for taxes is unoccupied and taxed as unknown at the time when notice of the expiration of the time for redemption should be given, there is no person on whom the notice can be served, as required by statute, and, in such case, the treasurer is authorized to execute a deed to the tax purchaser without the service of such notice; (following cases cited in opinion;) and after such deed is made, it must, under the statute, be presumed, in the absence of a contrary showing, that the facts were such that no such service was required.

2. ——: ——: WHO ENTITLED TO: RAILROAD COMPANY. Where, after land has been sold for taxes, a railroad company condemns (though without notice to the tax purchaser) and takes possession of a right of way over the land, it is entitled to redeem from the tax sale, and to personal service of notice to redeem, and it is not affected by a tax deed made without such notice.

3. **Railroads:** CONDEMNATION OF RIGHT OF WAY: NOTICE TO TAX PURCHASER. The rights of a purchaser at tax sale are not extinguished by *ad quod damnum* proceedings to which he has not been made a party by proper notice.

4. **Practice in Supreme Court:** EVIDENCE. Evidence upon the merits cannot be introduced for the first time in this court.

*Appeal from Webster District Court.*

WEDNESDAY, DECEMBER 3.

ACTION to quiet title to a quarter section of land. Plaintiff claims title to the land under certain tax deeds. The defendant, the Toledo & Northwestern Railway Company, alleges that it is in possession of a strip one hundred feet in width across one forty-acre tract of the land, and that it occupies the same as a right of way for its railroad, the same having been condemned for that purpose by *ad quod damnum* proceedings. The defendant, Abtil Sturgeon, in his answer, denies that plaintiff is the owner of the land, and alleges that he is the owner thereof, except the strip occupied by the rail-

road company, whose right he admits. He also alleges that
the tax deeds under which plaintiff claims the land are void,
for the reason that no notices of the expiration of the period
for redemption were served as required by law, and that,
when the treasurer executed said deeds, there was no proper
evidence on file in his office that said notices had been served;
and in a cross-petition, he prayed that said tax deeds be can-
celed and set aside, and that his right to redeem the land
from the tax sales be established. The district court dis-
missed plaintiff's petition, and entered judgment for defend-
ants, granting the relief prayed for in the cross-petition.
Plaintiff appeals.

*R. M. Wright*, for plaintiff.

*Hull & Whitaker*, for defendant, Sturgeon. *Hubbard,
Clark & Dawley*, for defendant, the Toledo & Northwestern
Railroad Company.

REED, J.—The land in question is the southwest quarter
of section eighteen, township eighty-six, range twenty-seven.
The east half was sold October 2, 1876, for the taxes of 1873,
1874 and 1875, and the deed was executed October 9, 1879.
The west half was sold October 6, 1879, for the taxes of 1878,
and the deed was executed October 21, 1882. The land
occupied by the railroad for right of way is in the northwest
quarter of said southwest quarter, and the *ad quod damnum*
proceedings under which it claims were had in October, 1880,
but plaintiff was not made a party to the proceedings. On
the eleventh of July, 1879, plaintiff filed in the office of the
treasurer a notice of the expiration of the period of redemp-
tion from the sale of 1876, together with the affidavit of the
publisher of the Webster county *Gazette*, in which he swears
that said notice was published in said paper three consecutive
weeks, commencing on the twenty-eighth of June, 1879.
Attached to this was plaintiff's affidavit, in which he swore
that he was then the holder of the certificate of purchase

referred to in the notice, and " that said notice was served by publication in the Webster county *Gazette*, as above stated," and this was the only evidence of the service of said notice on file in the treasurer's office when the deed of October 9, 1879, was executed. On the twenty-first of July, 1882, he filed a notice of the expiration of the period of redemption from the sale of 1879, accompanied by the affidavit of the foreman of the *Messenger*, a newspaper published in Webster county, in which he swore that the notice had been published in said paper for three consecutive weeks, commencing on the seventh of July, 1882. Attached to this was plaintiff's affidavit, in which he swore that he was the holder of the certificate referred to in the notice, and that the notice was served by publication in the *Messenger* for three consecutive weeks, the last of which was published on the twenty-first of July, 1882, and this was the only evidence of the service of said notice on file in the treasurer's office when the deed of October 21, 1882, was executed.

Defendant's position is that, as the treasurer is authorized to execute the deed only when "an affidavit of the service of the notice and the particular mode thereof, duly signed and verified by the holder of the certificate of purchase, his agent or attorney, shall have been filed in his office," (Code, § 894,) and as the affidavits of plaintiff which were on file when the deeds were executed were insufficient, when considered separate from those of the publishers of the newspapers, to show either the service of the notice or the particular mode thereof, the execution of the deeds was unauthorized, and hence the land is still subject to the right of redemption from the sales. It will be important to inquire as to the soundness of this position only in case it shall be found that the service of notice of the expiration of the periods for redemption from the sales was, under the facts of the case, an essential prerequisite to the execution or the deed.

We have held in *Fuller v. Armstrong*, 53 Iowa, 683; *Tuttle v. Griffin*, 64 Id., 455; *Chambers v. Haddock*, Id.,

**1. TAX sale and deed: notice to redeem : when not necessary to validity of deed: presumption arising from deed.** 556; and *Meredith v. Phelps, ante,* p. 118, that when the land is unoccupied, and is taxed as unknown, there is no person on whom the notice can be served, and that the authority of the treasurer to execute the deed in such case is not dependent on the service of the notice. We have also held that, as the deed is, by statute, made presumptive evidence of the regularity of all the proceedings anterior to its execution, on which it is based, when there is no evidence on the question, the presumption is that the facts were such as that the service of notice was not essential.

The railroad company was in actual possession of the strip of land condemned by the *ad quod damnum* proceedings

**2. ―― : ―――: who entitled to : railroad company.** when the deed, which conveys to plaintiff the forty-acre tract in which the strip is situated, was executed. It was, therefore, entitled, under the statute, to notice of the expiration of the period for redemption. The notice which it is claimed was published is insufficient, so far as it is concerned, for two reasons quite independent of those stated above: (1) As it was in actual possession, the notice should have been personally served upon it in the manner provided for the service of original notices. Code, § 894. (2) The notice published was to Sturgeon, and, if the railroad company might have been served by publication of the notice, it certainly was not affected by the publication of a notice running to another party. It acquired its right to the strip of land after the tract in which it is situated had been sold to plaintiff. As it did not

**3. RAILROADS: condemnation of right of way : notice to tax purchaser.** make him a party to the condemnation proceedings, he is not affected thereby. *Cochran v. Independent School Dist. Council Bluffs,* 50 Iowa, 663. Whatever right it acquired thereunder was subject to his rights under the tax sale. It acquired the right, however, to redeem the land from the sale, and, as it has not been served with notice of the expiration of the period for redemption, the tax deed does not operate to

Garmoe v. Sturgeon et al.

extinguish that right. Plaintiff was, therefore, not entitled to have the title quieted as against it, and the judgment dismissing his petition against it is clearly right. The railroad company did not ask for any affirmative relief. We do not, therefore, determine whether it has the right to redeem the whole forty-acre tract in which its right of way is situated, or whether its right in this respect is limited to the strip which it occupies. As to the remainder of the land, there is no evidence on the question whether it was occupied or taxed to any person during either of the years in which the deeds were executed.

True, counsel in their argument have set out what purports to be a certificate of the county treasurer, in which he states that the lands were taxed in those years to defend-ant, Sturgeon. But it is not claimed that this certificate was introduced in evidence in the district court. We cannot, therefore, consider it here. Under the rule, then, established by the cases cited above, the presumption is that the deeds, as against defendant, Sturgeon, are valid. The judgment, then, in so far as it dismisses plaintiff's petition against defendant, the Toledo & Northwestern Railroad Company, is affirmed. But, in so far as it dismisses the petition as against defendant, Sturgeon, and establishes his right to redeem the land from the tax sales, it is

4. PRACTICE in supreme court: evidence.

REVERSED.