## GARMOE v. STURGEON ET AL.

1. **Appeal:** FROM ORDER ADMITTING NEW EVIDENCE IN LOWER COURT AFTER REVERSAL. Where a cause appealed to this court was reversed and remanded to the lower court for a decree in accordance with the opinion of this court, and defendant was then permitted in the lower court, against plaintiff's objection, to introduce additional evidence, *held* that such ruling was not such a final order as would sustain an appeal to this court, since it could not be said in advance that such evidence would determine the case against plaintiff.

*Appeal from Webster District Court.*

TUESDAY DECEMBER 15.

THIS is an action in chancery to quiet the title to lands. The facts involved in the question ruled by the district court appear in the opinion. Plaintiff appeals.

*Wright & Farrel*, for appellant.

*Hull & Whitaker* and *G. G. Wright*, for appellees.

BECK, CH. J.—I. This cause has before been in this court, 65 Iowa, 147. Upon the first appeal the decree dismissing the petition as to defendant Sturgeon was reversed upon the

Garmoe v. Sturgeon et al.

ground that it was not supported by the testimony. After this decision Sturgeon filed his motion in this court, asking that the cause be remanded, with leave to introduce additional evidence, which was overruled. The cause was finally remanded to the court below for a decree not inconsistent with the opinion of this court. After the cause was sent to the district court, defendant filed a motion there, supported by affidavit, asking to be allowed to introduce additional evidence, which was sustained. From this order plaintiff appeals. The main and controlling question in the case arises upon objections thereto.

II. The order appealed from, regarding it as in effect a ruling of the court below permitting new evidence to be introduced after the reversal of the cause in this court, does not so involve the merits of the case and so materially affect the final decision that it will support an appeal. See Code, §§ 3163, 3164. It does not follow, because the evidence will be considered in the court below, that the decree will be against plaintiff. The district court may determine that it would not authorize such a decree, or may finally conclude that it ought not to be considered in the final disposition of the case. The order belongs to that class of intermediate proceedings the effects of which can only be determined upon the final decision of the case.

III. It is said that the evidence admitted under the order will determine the case against plaintiff; but this cannot be said until there has been an adjudication to that effect. This conclusion is in accord with the doctrine recognized in *Richards v. Burden*, 31 Iowa, 305. We do not determine whether the court below rightly ordered the admission of evidence, but only hold that no appeal may be taken therefrom.

Defendant's motion to dismiss the appeal is

SUSTAINED.