GARMOE v. WINDLE *et al.*

Practice on Procedendo: DUTY OF TRIAL COURT: PRESUMPTION IN ITS FAVOR.  When a former appeal of this cause was determined in plaintiff's favor, defendant moved this court to remand the cause with leave to him to introduce additional testimony; but the motion was overruled.  When the cause afterwards came up on *procedendo* in the trial court, defendant renewed his motion for leave to introduce additional testimony on the same grounds, and the motion was sustained, but judgment was rendered in favor of plaintiff, from which this appeal is taken.  *Held* that upon the *procedendo* plaintiff was entitled to judgment as a matter of right; that it was error for the trial court to sustain defendant's motion ( though an appeal would not lie therefrom—60 Iowa, 700 ); and that this court will presume that the trial court refused to consider the additional evidence improperly admitted, and rightly rendered judgment for the plaintiff.  ( See cases cited in opinion. )

*Appeal from Webster District Court.* — HON. S. M. WEAVER, Judge.

FILED, DECEMBER 20, 1888.

ACTION in equity to quiet title to real estate.  Both parties ask affirmative relief.  Judgment for plaintiff, and defendants appeal.

*Cook & Jordan*, for appellants.

*Wright & Farrell*, for appellee.

SEEVERS, C. J.—Abtil Sturgeon was the original defendant in this case.  Since the commencement of the action he deceased, and the appellants were substituted as defendants in his place and stead.  This is the third

appeal. The decision in the former appeals will be found in 65 Iowa, 147, and 67 Iowa, 700. When the first appeal was determined, the then defendant Sturgeon filed a motion, asking this court to remand the cause to the district court, with leave for him to introduce further evidence upon several stated grounds, on a trial anew in such court. This motion was overruled, and afterwards *procedendo* was issued, directing the district court to proceed and make disposition of the cause in accordance, and not inconsistent, with the opinion of this court. The defendant moved the district court upon substantially the same grounds as stated in the motion filed in this court, for leave to introduce additional evidence, and that the cause be tried anew. This motion was sustained, and the plaintiff appealed. It was held that the order of the court sustaining the motion was not appealable. Afterwards the cause came on for hearing, and the case was tried, by agreement, on the pleadings and evidence, as stated in the abstracts prepared for and used in this court on the former appeals, together with certain additional evidence introduced by the defendants, and judgment was rendered for the plaintiff. The district court must have held that upon the whole evidence the plaintiff was entitled to judgment, or have refused to consider the additional evidence, and for this reason reached the same result. We find it necessary to consider only the last ground. It is a self-evident proposition, in accordance with the settled practice of this court, when the motion to remand, with leave to introduce additional evidence, was overruled, that the plaintiff was entitled to judgment as a matter of right, either in this or the district court, in accordance with the opinion of this court. *First Nat. Bank v. Baker*, 57 Iowa, 197, and 60 Iowa, 132. The overruling of the motion amounted to a ruling or decision that the defendant was not entitled to the relief asked upon the showing made, and, as the district court was asked to consider the additional evidence upon substantially the same grounds, it follows that it did not err in refusing to do so, which, for the purpose of this case, we may assume is the

ground upon which it proceeded. Counsel for the appellants insist that the additional evidence was admitted by consent, or at least without objection. This we find from the record to be a mistake. Its introduction was objected to at the proper time or times, and in a proper manner. AFFIRMED.