A. E. ALEXANDER v. CITY OF PLATTSMOUTH.

[FILED JULY 2, 1890.]

Tax-Liens: EMINENT DOMAIN: DAMAGES: LIMITATIONS. In September. 1871, M. purchased certain lots situated in the city of Plattsmouth, at treasurer's tax sale. On September 5, 1873, he surrendered to the county treasurer the certificates of purchase

and received a tax deed for the lots. The deed failed to convey the title by reason of the treasurer omitting to attach his official seal. M. subsequently conveyed the lots to the plaintiff. In 1872, the authorities of the city of Plattsmouth located and opened a street diagonally across the lots, leaving undisturbed a portion of each. The damages sustained on account of the location and opening of the street was appraised and paid to the respective lot owners in 1872. Neither M. nor the plaintiff was notified of the appraisement proceedings. In 1888 this action was brought to recover damages for lessening of plaintiff's security. *Held,* (1) That as the value of the parts of the lots not taken by the city exceeded the amount of the tax lien, the action could not be maintained; (2) That the suit is barred by the statute of limitations.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*S. P. & E. G. Vanatta,* for plaintiff in error, cited: Jones, Mortgages, sec. 710; *Otoe County v. Mathews,* 18 Neb., 466; *Forgy v. Merryman,* 14 Id., 513.

*Byron Clark, contra,* cited: Mills, Eminent Domain, secs. 65, 74; Desty, Taxation, pp. 1, 2, 6, 7; *Severin v. Cole,* 38 Ia., 463; Jones, Mortgages [2d Ed.], secs. 708, 1625-31; *Graham v. Flynn,* 21 Neb., 232, and cases; *Merriam v. Coffee,* 16 Id., 451.

NORVAL, J.

On the 4th day of September, 1871, S. N. Merriam purchased at tax sale certain lots situated in the city of Plattsmouth, for the taxes of 1870. Subsequently he paid the taxes on the lots for the years 1871, 1872, 1873, and 1874. The lots not having been redeemed on September 5, 1873, Merriam surrendered to the county treasurer the certificates of purchase, and the treasurer executed and delivered a tax deed for the lots to Merriam, who afterwards conveyed to the plaintiff.

The deed issued by the treasurer failed to convey the

title to the lots, by reason of the treasurer failing to attach his official seal thereto.

On the 21st day of February, 1872, the mayor and city council of the city of Plattsmouth passed an ordinance creating Chicago and Washington avenues, and the city condemned and appropriated a part of each lot purchased at the tax sale by Merriam, for the purpose of opening these avenues. The damages sustained by reason of the location and opening of these avenues were appraised, as required by law, on March 28, 1872, and notice was given to the lot owners, but not to Merriam or the plaintiff. The damages awarded were paid to the respective lot owners. The avenues were located diagonally across the lots, and a large portion of each lot was left undisturbed. The fractional lots left are of sufficient value to satisfy the plaintiff's claim. The city authorities, in 1872, took possession of that part of the lots taken for street purposes, and the same has ever since been used by the public.

On February 14, 1888, this action at law was commenced to recover damages the plaintiff claims to have sustained by reason of the defendant appropriating a portion of each of said lots for public streets. The cause was tried to the court, who entered judgment for the defendant.

It will be observed that this is not an action to foreclose a tax lien, but one to recover damages for lessening plaintiff's security. Unless the plaintiff has been injured by reason of the opening of these streets for public use, it would seem clear that the plaintiff has no just cause for complaint. The undisputed testimony is, that the value of the portion of each lot not condemned by the city, is much greater than the amount of the tax lien claimed by the plaintiff. That being true, the plaintiff has not been damaged. No suit has been brought by the plaintiff to enforce his lien against that part of the lots not condemned. The defendant in any event would only be liable for any deficiency remaining after the plaintiff had exhausted the other secu-

rity. Had the lot owners sold to an individual that portion of the lots appropriated by the city, the plaintiff would have been compelled to exhaust the part unsold before he could enforce the lien against the portion sold. That the defendant acquired the property under the law of eminent domain does not change the rule. (*Severin v. Cole*, 38 Ia., 463.)

Again, this action is barred by statute of limitations. If the plaintiff's security has been diminished, by the appropriation of a part of the lots for public use, the injury occurred in 1872, or more than fifteen years before this suit was instituted. If a cause of action ever existed, it accrued at the time the streets were located and opened.

The judgment of the district court was right and is

AFFIRMED.

THE other judges concur.