HENRY McCLELLAND v. WILLIAM P. BENNETT, Appellant, MARY McCLELLAND, Intervener.

**Estoppel:** ADJUDICATION: *Homesteads.* An action was brought to restrain a sheriff's sale on the ground that the property to be sold was a homestead. A temporary injunction ordered became ineffective through failure to file bond, and a permanent injunction granted was set aside. But a finding in the decree that the propterty was a homestead was never set aside or appealed from. Notwithstanding this finding there was a sale after the permanent injunction was set aside, and a sheriff's deed resulted. *Held,* the finding of homestead concluded parties and privies and said decree did not estop the setting up of the homestead right in an action to set the deed aside, since no injunction was necessary to protect the homestead right, the suit to establish it being notice of that right, the modification of the decree which nullified the injunction cannot affect that part of the decree which established the homestead.

HARMLESS ERROR. Where a husband sued to set aside a sheriff's deed and quiet title to premises, claiming a homestead right therein, and, after all the evidence was introduced, it appeared that the plaintiff was entitled to a decree, permitting his wife to

then intervene and set up a homestead right thereto, was harmless error.

*Appeal from Polk District Court.*—Hon. Thomas F. Stevenson, Judge.

Friday, May 27, 1898.

Action to set aside a sheriff's deed, and quiet title to real estate. Decree for plaintiff. Defendant Bennett appeals.—*Affirmed.*

*John McLennan* and *Dowell & Parish* for appellant.

*Balliet & Stahl* for appellee.

Waterman, J.—On March 29, 1895, plaintiff began this action, asking to have a sheriff's deed of the premises in controversy, which was made to defendant Bennett, set aside, and the title thereto quieted in him. Plaintiff sets up the proceedings in a certain cause, which he styles "Equity Cause No. 4,873," and claims that in that action his home-stead right in said premises was established against one William Wyant, who owned the judgment on which defendant's title is based. Bennett filed an answer and cross petition. He denies that the land in question is the homestead of plaintiff; denies that plaintiff's homestead right was ever establish by decree of court against said Wyant. He then sets up the judgment obtained by Wyant against plaintiff; the sale, under execution issued thereon, to him; and the execution of the sheriff's deed. He prays that his title to the premises may be quieted, and that he may be put in possession thereof. By an amendment filed later, he alleges that plaintiff is estopped by the judgment in equity cause No. 4,873 from setting up the claim of homestead.

II. Plaintiff, in making his case, introduced the record in equity cause No. 4,873; and as the proceedings in that case were somewhat singular, and both parties found claims upon

the judgment therein rendered, we shall devote some attention to what was there done.  The plaintiff here was the plaintiff in that action, and it was brought against William Wyant and the sheriff of Polk county.  The petition made the claim of homestead, and recited that the sheriff was about to sell the same under execution issued on a judgment obtained by Wyant against plaintiff.  The relief asked was that the threatened sale be enjoined, and the judgment declared not a lien on said property.  That action was begun February 27, 1894.  On April 7th of the same year, what is styled an "order" was entered by the court.  It is, in form, a decree. It recites the facts showing the court's jurisdiction, and that it has fully heard the case, and concludes as follows:  "It is therefore ordered, adjudged, and decreed by the court that the judgment [describing the Wyant judgment] is not a lien on [here the premises in question are set out], and that J. D. McGarraugh, sheriff of Polk county, Iowa, and William Wyant, be, and they are, forever enjoined from selling said real estate under and by virtue of said execution.   *   *   *" On April 18th, Wyant filed a motion to set aside this order or decree.  On July 5th following, the court entered what is denominated "a decree" on this motion.  It recites that on March 7, 1894, the court gave plaintiff a temporary injunction restraining the sale of his homestead, on condition that he file a bond in the sum of one thousand dollars; that he failed to file such bond; that the property was sold by the sheriff on March 20, 1894; and the sheriff is, by its terms, then ordered to pay over to Wyant the money received on such sale, and the order granting an injunction is set aside.  Thereafter plaintiff moved to set aside this order, as in conflict with the decree of April 17th, and this motion was overruled.  After all the evidence was introduced in the case at bar, against defendant's objection, Margaret McClelland, the wife of plaintiff, was allowed to intervene and set up a homestead right in the premises in controversy.

III.   It will appear from what has been said that the order for a temporary injunction in the case No. 4,873 did

not take effect, because of plaintiff's failure to file the bond required, that the sale of the real estate was made under the Wyant judgment to defendant, and that thereafter the decree was rendered which in terms permanently enjoined the sale of the same. On defendant's motion the decree was so far modified as that the order for a permanent injunction was set aside. Another matter not involved in the case, nor necssarily incident to it, was also included in this motion; and that was the disposition of the proceeds of the sale, which seem to have been held by the sheriff. The finding of the court, however, that the Wyant judgment was not a lien on these premises, was never set aside, nor in any way modified. No appeal was taken from that ruling, so it must be regarded as final, both as to parties and privies. No serious question is made here as to the fact that plaintiff has a homestead right in the property. The only claim relied upon is that he is estopped from setting it up, because of the judgment to which we have referred. Plaintiff might have prosecuted the action No. 4,873 to have the cloud caused by the apparent lien of the Wyant judgment removed from his title, without asking the aid of a writ of injunction. In such a case a purchaser at the execution sale, had on the judgment after such action was commenced, would have taken subject to plaintiff's rights as they might be established by the subsequent decree. Code 1873, section 2628; *Ferrier v. Buzick,* 6 Iowa, 258; *Jackson v. Railway Co.,* 64 Iowa, 292; *Rider v. Kelso,* 53 Iowa, 367. The situation of the parties is not different in the case at bar from what it would have been in that supposed. The injunction was not necessary to protect plaintiff's title as against the threatened sale. The purchaser at the execution sale took with notice of plaintiff's right; and this right, as expressed in the judgment entry, was to hold his land free and clear from the lien of the Wyant judgment.

What we have said disposes of the claim that there was error in permitting the wife of plaintiff to intervene after the cause had been submitted for decision. The error was manifestly without prejudice. The decree of the trial court is AFFIRMED.