OVIDE VIEN, Appellee, v. HARRISON COUNTY et al., Appellants.

No. 39105.

DECEMBER 13, 1929.

*Roy E. Havens*, for appellants.

*J. J. Hess* and *William P. Welch*, for appellee.

FAVILLE, J.—There was an outstanding mortgage upon the entire tract of land involved in this action. Foreclosure was had of said mortgage. The then holder of the legal title to said premises was made a party to said foreclosure proceedings. The property was sold under special execution, and sheriff's deed was issued to the appellee herein on December 12, 1923. During the period of redemption, the record title was acquired by a party by the name of Shores, and during said period of redemption, said party signed a consent petition for the establishment of a public highway across said described premises, and received $300 from the appellants therefor. The said highway was opened by the appellants, and has since been used as a public highway. At the expiration of the period of redemption, the appellee received a sheriff's deed to said premises. He brings this action to quiet his title for the land taken, or, in lieu thereof, to receive compensation therefor. Section 4596, Code, 1924, provides, in part, as follows:

"Roads may be established without the appointment of a commissioner, if the written consent of all the owners of the land to be used for that purpose be first filed in the auditor's office."

Appellants contend that, since they obtained consent from the party who acquired the fee title during said period of redemption, this is all that is required, notwithstanding the fact that appellee was at said time holder of the sheriff's certificate, which subsequently ripened into a sheriff's deed.

A similar question was before this court in *Severin v. Cole,* 38 Iowa 463, where a railroad company, by a condemnation proceeding, acquired a right of way in property, pending foreclosure of a mortgage. We said:

"The single question presented by this record is whether a railroad company, by an *ad quod damnum* proceeding upon notice to a mortgagor alone in possession, the mortgage being upon record, and by the payment to the sheriff of the damages assessed, acquires a title to the right of way, free from or paramount to the mortgage. We have no hesitation in answering this question in the negative * * *. The mortgagor, it is true, holds the legal title; but the mortgagee has an equitable interest

in, or right to, the mortgaged property, and under the above statute, is an 'owner of the real property.' ''

Again, in *Cochran v. Independent Sch. Dist.*, 50 Iowa 663, we considered a somewhat similar situation, where land was condemned for schoolhouse purposes when there was an outstanding tax certificate. These authorities are conclusive of the case at bar. The appellant could not acquire a right of way across the real estate in question by consent of the title owner who became such pending a foreclosure proceeding, and while the appellee was the holder of the sheriff's certificate of sale, without regard to appellee's rights.

The trial court correctly ruled the case, and the decree is— *Affirmed.*

ALBERT, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.