### SHORTHILL ET AL. V. FERGUSON.

1. **Conveyance:** BREACH OF COVENANT: RIGHTS OF GRANTOR. Where
judgment was obtained against the grantor of land upon the covenants
of warranty in his deed, on the ground that the title conveyed was in
dispute and uncertain, *held*, that he was entitled to a re-conveyance of
the land free from any liens or incumbrances thereon created by the acts
of his grantee.

2. **Practice:** IN EQUITY: AMENDMENT. Amendments to the pleadings in
a chancery case which has been tried *de novo* in the Supreme Court and
remanded may be allowed where they state newly discovered evidence
or material facts not in existence at the time of the trial.

*Appeal from Marshall District Court.*

THURSDAY, DECEMBER 6.

*J. C. Wyllis*, for appellant.

*H. C. Henderson* and *Caswell & Meeker*, for appellee.

ROTHROCK, J.—This cause has been already once before this
court upon appeal (44 Iowa, 249). The facts of the case are
fully stated in the decision upon the former appeal and need
not be repeated. The judgment of the court below was re-
versed. It was held by this court that plaintiff was entitled
to recover $500 and interest, upon tender of a conveyance of
the land to defendant. Upon the filing of the *procedendo* the

plaintiff appeared in the court below and filed a motion for judgment in accordance with the *procedendo* and opinion. The motion came on for hearing, and thereupon the plaintiff, in open court, tendered to the defendant a release or quit-claim deed for the land in question. The defendant appeared and moved the court for leave to file an amendment to the answer. The amendment to the answer was presented with the motion.

It is alleged in the amendment that the land in question is overflowed and of a swampy character; that the swampy char-acter of said land has been duly, legally and regularly proven up, and the title thereto perfected in plaintiffs; that plaintiffs have failed, neglected and refused to convey said land to defendant, nor have they made a tender of a deed therefor to defendant; that said land, since the same was conveyed to plaintiffs, has been by them incumbered by judgments, mortgages and unpaid taxes, which judgments and incumbrances are now in full force and liens upon said land.

1. CONVEY-
ANCE: breach
of covenant:
rights of
grantor.

The motion of plaintiffs for judgment was overruled. The motion of defendant for leave to file the amendment to the answer was sustained, and the amendment was filed. From these rulings plaintiffs appeal.

It was defendant's right to have a re-conveyance of the land free from any incumbrance or lien created by the acts of the plaintiffs. He was under no obligation to accept a release or quit-claim. The conveyance should contain covenants warranting the title against all acts done by plaintiffs. It was defendant's right also to have the land free in fact from any judgment against plaintiffs or any mortgage executed by them.

As the plaintiffs originally commenced this suit without making a conveyance of the land, or an offer to convey it, it was defendant's right to object by a proper pleading to the conveyance when it was tendered.

How far the defendant may be allowed to re-try the cause upon the other averments of the amendment to the answer we do not decide. These averments are not sufficiently specific to enable us to determine that question. If there be sufficient newly discovered evidence to warrant the

2. PRACTICE:
in equity:
amendment.

amendment, or if it be true, as claimed in argument, that the title is now perfect in plaintiffs by patent from the United States, permission to file an amendment to the answer, after the cause has been remanded from this court, setting up such newly discovered evidence or material facts which have transpired since the former trial, is not error. See *Adams Co. v. The Burlington & Missouri River Railroad Company*, 44 Iowa, 335.

AFFIRMED.