THE FIRST NATIONAL BANK OF LEON v. GILL & CO. ET AL.

1. **Practice:** SETTLEMENT: INTERVENTION. Where an action had been settled by the parties, and a petition of intervention afterward filed, but no notice of the filing of the petition was served upon the plaintiff until after the court had marked the case as settled, it was *held* that a motion to strike the petition of intervention should have been sustained.

2. ———: INTERMEDIATE ORDER: APPEAL. An appeal will lie from an order of the court refusing to strike a petition from the file.

*Appeal from Decatur District Court.*

WEDNESDAY, APRIL 9.

THIS action was commenced against the defendants A. Gill & Co. upon two promissory notes, for one hundred and forty-two dollars and eight cents each. An attachment was issued, and on the 12th day of May, 1876, was duly levied upon a stock of goods which the return states is the property of A. Gill & Co., in the possession of A. Gill. The writ of attachment, with the return thereon, and an invoice of the goods levied upon attached, was filed in the office of the clerk of the court

May 19, 1876. The following statement is indorsed upon the invoice of goods attached to the writ of attachment:

"We hereby sell the goods described in this invoice to the plaintiff, they agreeing to take the same in full settlement of their claim against A. Gill and A. Gill & Co., this 20th day of May, 1876.

"J. H. SUMMERS.

"A. GILL.

"A. GILL & Co.

"J. W. HARVEY,

"Attorney for Plaintiff."

On the 30th day of May, 1876, court not being in session, Childs & Co. filed their petition of intervention as follows:

"The petitioners, Childs & Co., state that on or about the —— day of February, 1876, the defendants herein were indebted to them in the sum of six hundred and twenty dollars, and that they sued out an attachment against the defendants, and attached, as garnishee, one J. H. Summers, who held in his hands, subject to petititioner's claim, a large amount of personal property belonging to the defendants A. Gill & Co. and A. Gill; that after said garnishment the plaintiff herein procured an attachment against the property of defendants, and levied upon and took from said Summers the property held by him and belonging to A. Gill & Co. and A. Gill; that the petititioners' claim against said Gill & Co. and A. Gill is still unsatisfied. Petitioners, therefore, ask that they have the property attached in this cause, or that they have judgment against the plaintiff herein for the value of the same and their costs in this cause." This petition is not under oath. On the 7th day of August, 1876, the cause was marked settled by the court. On the 10th day of August, 1876, the intervenors caused to be served upon plaintiff a notice of the filing of the petition of intervention, requiring plaintiff to appear and defend thereto before noon of the second day of the next term of court, commencing January 15, 1877.

On the 18th day of January, 1877, the plaintiff filed a motion to strike the petition of intervention from the files, because said petition is not verified as required by law, and the cause has been settled between plaintiff and defendant, and dismissed and marked settled by the court, and there is nothing pending between plaintiff and defendants.

The court overruled the motion and ordered that the cause stand as an original cause, to which the plaintiff excepted. The plaintiff refusing to plead, and standing upon its motion, the court ordered that a default be entered against the plaintiff, for want of an answer to the petition of intervention, to which the plaintiff excepted. The plaintiff appeals.

*John W. Harvey*, for appellant.

*W. H. Robb*, for appellees.

DAY, J.—The agreement of settlement indorsed upon the invoice attached to the writ of attachment and on file with the case bears date May 20, 1876. In the absence of any showing to the contrary the presumption is

1. PRACTICE: settlement: intervention.

that it was executed on the day it bears date. The petition of intervention was filed in vacation on the 30th day of May, 1876. The parties having agreed upon a settlement the plaintiff was not required to take notice of the paper so filed until notice of the filing was served upon it. Notice was not served until August 10, 1876. Prior to that time, on the 7th day of August, the cause was marked settled by the court. When the plaintiff acquired notice of the filing of the petition of intervention. no cause was pending between the plaintiff and the defendants. The facts of this case bring it fully within the principle of *Henry, Lee & Co. v. The Cass County Mill & Elevator Company*, 42 Iowa, 33. In fact this is a stronger case for appellant than that, for in that case the defendants had knowledge of the filing of the petition of intervention before any judgment was rendered upon the agreement of settlement, and the defendants moved for such judgment at the

same time that they moved to strike the petition of intervention from the files.

If the intervenors have rights which require protection they should commence an original action in the ordinary way for that purpose. After the overruling of the motion to strike the petition of intervention from the files the court ordered that the cause stand as an original cause. It was not competent for the court thus, by mere order, to transform proceedings by intervention into original proceedings. The petition is drafted as a petition in intervention, and the notice advises plaintiff that a petition of intervention has been filed. It may be that the intervenors might, by proper amendment, have transformed their petition into an original proceeding, but they did not offer to do this. The motion to strike the petition of intervention from the files should have been sustained.

II.   It is claimed that no appeal can be taken from the order in question.   Section 3164 of the Code authorizes an

2. ——: in-        appeal from "an intermediate order involving the
termediate or-
der: appeal.      merits, and materially affecting the final decision." The intervenors, by the filing of the petition of intervention, assert the right to become parties to an action between the plaintiff and the defendants, and they demand that in that manner certain rights which they claim to possess shall be determined and enforced.   The plaintiff, by its motion to strike the petition of intervention from the files, in effect says the controversy between plaintiff and the defendants has been determined, and, therefore, you have no right to intervene.   It is apparent that a decision of this question either way does involve the merits of the controversy between these parties, and materially affect the final decision respecting it.   If the court had sustained the motion to strike the petition of intervention from the files, can it be doubted that the intervenors would have had the right of appeal. The right must be reciprocal.   In *Henry, Lee & Co. v. The Cass County Mill & Elevator Company*, an appeal was enter-

tained from such an order as the one in this case. It must be remarked, however, that in that case the appellee made no question as to the right of appeal.

III. It is claimed by appellee that there is no evidence in the abstract that an appeal has been taken because the notice of appeal and service thereof are not abstracted. The abstract contains the following: "Appeal notice served July 3, 1878." In the absence of amended abstract showing defect in notice or service this statement is sufficient to show that an appeal was taken. The appellant, however, filed an amended abstract, setting out in full the notice of appeal, with service thereof on the attorney of the intervenor and on the clerk of the District Court, thus answering fully this objection of the appellee.

The judgment is

