60  414
f108 471

DAY RROS. & CO., v. KENDALL ET AL.

BICKLIG, WINZER & CO., v. THE SAME.

1. **Attachment:** OF GOODS SOLD AND DELIVERED TO THIRD PARTY. To enable attaching creditors to seize and hold property, which the defendant in attachment has actually sold and delivered to another, they must aver and prove, not only that the sale was fraudulent, but also that they were creditors of the defendant when the sale was made.

*Appeal from Louisa Circuit Court.*

SATURDAY, DECEMBER 9.

THESE cases are submitted together as arising out of the same state of facts, and involving the same questions of law. The plaintiffs brought their actions in attachment respectively against the defendant Kendall, and levied upon a small stock of goods. Garrett intervened in each action, averring in his petition of intervention, in substance, that he is the owner of the stock by purchase from Kendall. The plaintiffs, for answer to the petition of intervention, denied the alleged purchase, and denied that there was any delivery of the goods to the intervenor, and aver that the pretended purchase was made for the purpose of defrauding Kendall's creditors. The actions came on for trial to the court upon the petitions of intervention, and judgment was rendered in favor of plaintiffs and against the intervenor for costs. The intervenor appeals.

*E. W. Tatlock*, for appellant.

No appearance for appellee.

ADAMS, J.—The evidence, we think, shows a sale and delivery by Kendall to Garrett. Whether the sale was fraudulent or not we do not determine. If it should be conceded that it was, it was sufficient to pass the title as between the parties to it, and it was also sufficient as against the plaintiffs, unless they were creditors of the vendor. To enable them to seize

and hold the property under their attachments after it had been actually sold and delivered to Garrett, it was incumbent upon them to aver and prove that they were creditors of the vendor. This they failed to do. We think that the court erred in rendering judgment in their favor as against the intervenor.

REVERSED.