## BICKLIN, WINZER & CO. v. KENDALL ET AL.

1. **Appeal:** WHEN IT LIES: MOTION TO STRIKE PLEA. Under § 3164, par. 4, of the Code, an appeal will lie from an order overruling a motion to strike from the files an amended petition of intervention, when such motion assails the right of the intervenor to recover on such amended petition. (See *First Nat. Bank of Leon v. Gill*, 50 Iowa, 425.)

2. **Pleading:** ATTACHMENT: AMENDMENT BY INTERVENOR AFTER JUDGMENT AND SALE. An amendment after judgment may be allowed to conform a pleading to other proceedings, but where an amendment by an intervenor in an attachment case sets up new issues, it comes too late after judgment upon his orignal petition and a sale of the attached property. (See Code, § 3016.)

*Appeal from Louisa District Court* — HON. DAVID RYAN, *Judge.*

MONDAY, OCTOBER 10.

ACTION BY ATTACHMENT. Garrett intervened, claiming the property attached. After various proceedings, a judgment upon default was rendered against plaintiffs, in favor of the intervenor, from which plaintiffs appeal.

*S. L. Glasgow, Dodge & Dodge* and *D. N. Sprague,* for appellants.

*E. W. Tatlock* and *Newman & Blake,* for appellees.

BECK, J.— I. The facts of the case, briefly stated, are as follows:

In 1881, plaintiffs brought an action by attachment against defendant Kendall, and certain goods were seized under a writ issued in the case. Garrett filed his petition of intervention in the action, claiming to be the owner of the goods, and praying that he might be so adjudged, and might recover costs. Plaintiffs answered this petition, denying Garrett's ownership of the property. At the first term of the court, in 1882, plaintiffs recovered judgment against defendant Kendall, and an order was made for the sale of

the property. At the same time the cause was tried upon Garrett's petition of intervention, and judgment rendered for plaintiffs. Garrett appealed, and the judgment was reversed. See 60 Iowa, 414. Pending this appeal, the goods were sold on execution, and the funds immediately paid to plaintiffs; no *supersedeas* having been taken on the appeal.

In 1884, after the cause was remanded, another trial was had, upon the petition of intervention, to a jury, and a verdict was rendered, finding the title and right of possession of the property in the intervenor. The verdict does not find the value of the property, or the intervenor's damages. Upon this verdict a judgment for costs was rendered. No other judgment was had thereon. Plaintiffs appealed from the judgment, which was affirmed. See 66 Iowa, 703. An execution was issued on the judgment for costs, which was paid in full by plaintiffs. Afterwards the intervenor filed a motion for judgment on the verdict for the value of the property, and ordering the restitution thereof, or its value. The court, upon this motion, rendered a judgment declaring that the intervenor is entitled to the possession of the property; and that one B. B. Cole is owner of the interest and rights of Garrett, and any further proceedings upon the judgment may be prosecuted in his name. The court did not determine the value of the property, and rendered no judgment therefor. This was in April, 1886. No appeal was taken from the judgment.

In February, 1887, the intervenor filed an amendment to his original petition of intervention, reciting the proceedings in the case, and alleging, among other things, that no judgment could have been rendered for damages without an amendment of the intervening petition, and claiming to recover for the destruction of intervenor's business, for the conversion of the goods maliciously and wrongfully, and for malicious trespass, alleged in the amendment. The plaintiffs moved to strike this amendment on various grounds,

which are substantially to the effect that it was not made in time. The motion was overruled, and plaintiffs, standing on their motion, declined to answer the amendment. Thereupon a default was entered, and judgment rendered against plaintiffs for damages, as claimed by the amended petition. From the decision of the court overruling plaintiffs' motion to strike, and in entering a default and judgment, plaintiffs appeal.

II. The question involving plaintiffs' right to appeal from the order overruling the motion to strike the amended petition is raised by the intervenor. We think, under Code, § 3164, par. 4, which secures the right of appeal from "an intermediate order involving the merits, and materially affecting the final decision," the plaintiffs' right to appeal is clear. The motion to strike assails the right of the intervenor to recover. upon his amended petition. It is in the nature of a demurrer, which admits all the facts alleged, yet denies the right of action, upon the ground of matters appearing in the pleadings and in the record. The order, therefore, overruling the motion involved the merits of the controversy, and materially affected the decision of the case, and an appeal may be taken therefrom. This precise point was determined in *First Nat. Bank of Leon v. Gill*, 50 Iowa, 425.

1. APPEAL: when it lies: motion to strike plea.

III. In our opinion, the amendment upon which judgment was rendered was not filed in time. Two trials had been had on the original petition, on the first of which a judgment was entered for costs, which was collected, and on the second a judgment establishing intervenor's rights to the property was had. Surely, the case upon the last judgment, at least, was disposed of; it was a final judgment. The fact that the intervenor did not and could not, upon his original petition, recover the value of the property, or other damages, does not permit him to regard the case as pending for an indefinite time, and to present, by amendment, new claims, new causes of

2. PLEADING: attachment: amendment by intervenor after judgment and sale.

action, and new issues. Code, § 2689, which permits a party "at any time" to amend his pleadings, contemplates that it shall be done pending the proceedings in the case, and not after the case is decided, the rights of the parties settled, and a judgment entered finally disposing of the questions involved. If a party may amend a pleading in nine months or a year after final judgment, he could do so in five or ten years.

Judgments are settlements of controversies, and parties cannot be permitted to relitigate, after judgments, by filing new pleadings raising new issues. Amendments under the statute, in proper cases, may be made "at any time" during the pendency of the action; but when there ceases to be a case for litigation, when the plaintiff's claim is merged in a judgment, and the rights of the parties involved in the issues are decided and settled by a judgment, then all pleadings must cease. It may be that after judgment an amendment may be permitted to conform a pleading to the proceedings, but this is very different from an amendment setting up new claims or new issues. Code, § 3016, provides that a claimant of attached property may, before sale thereof, present his petition setting out his claim. This provision cannot be applied to amendments presenting new issues, as in the amendment to the intervenor's petition. The property attached was sold before the amendment was filed. The section cited gives no support to the claim of right to amend at the time the amendment was made.

We reach the conclusion that the district court erred in overruling the motion to strike the amendment to the intervenor's petition.

                                                  REVERSED.