N. S. KENYON, Appellant, v. B. F. BAKER *et al.*, Appellees.

Judgments : CORRECTION OF ERRORS.

*Appeal from Jasper District Court.*—HON. W. R. LEWIS, Judge.

MONDAY, FEBRUARY 2, 1891.

THIS is a proceeding by motion asking that judgment be rendered against the defendants in an action to foreclose a chattel mortgage to which they were made defendants, but no judgment was rendered against them in the final decree. The motion was overruled, judgment being rendered against plaintiff for costs.—*Affirmed.*

*Alanson Clark,* for appellant.

*Kerr & McElroy* and *Phillips & Day,* for appellees.

BECK, C. J.—I. Plaintiff brought his action in chancery to foreclose a chattel mortgage executed by one Trammel upon fifty head of cattle. Wilson and Baker were made defendants, the petition alleging that they had become purchasers of the cattle ; asked that, if the cattle be not found, judgment be rendered against Wilson & Baker for the value of the mortgaged property. A trial was had, and the mortgage was foreclosed and declared to be a lien upon the cattle purchased by defendants Baker and Wilson, but no personal judgment was rendered against them. The decree of foreclosure was rendered in September, 1885. The motion before us was made in the district court in August, 1887, and the decision overruling it, which is appealed from, was made in November. 1888.

II. The motion before us is, in effect, an attempt to correct an error in the original decree, or is in the nature of a supplemental proceeding to obtain relief which the plaintiff sought in the original action, and which was denied by the final decree in the case. It is plain that this attempt must fail. The plaintiff sought a judgment against the defendants in the original petition. Defenses to the action as to defendants were pleaded. The issues of the case involve the plaintiff's right to recover against the defendants. They could have been determined on the trial, and we shall presume they were determined against the plaintiff. The decree is to be regarded as an adjudication upon these issues, which the plaintiff cannot have reviewed and set aside by this new proceeding by motion for alleged errors in the proceedings. Parties cannot in this manner relitigate issues or raise new ones in cases wherein final judgments have been rendered. Were not these familiar rules adhered to, there would be no end to litigation. But the policy of the law is to secure its speedy end. *Bicklin v. Kendall,* 72 Iowa, 490.

These views lead us to the conclusion that the judgment of the district court ought to be AFFIRMED.