CAROLINE SNYDER, Appellant, v. JOSIAH HOCHSTETLER, Appellee.

Foreign Administrators: ACCOUNTING IN IOWA: JURISDICTION. The plaintiff and the defendant were heirs at law of one who died a resident of Ohio, and of whose estate the defendant was administrator there. The defendant had also been a partner of the deceased, and the partnership remained unsettled. In an action in the district court of Iowa to compel the defendant to account to the plaintiff for her interest in property held by the defendant as surviving partner and as administrator, it appeared that there had been no final settlement of the estate and order of distribution by the proper Ohio court. *Held*, that that court alone had jurisdiction to compel the defendant to

account as administrator, which accounting necessarily included an accounting by him as surviving partner, and that this action was properly dismissed for want of jurisdiction.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

SATURDAY, MAY 27, 1893.

THE plaintiff, a resident of the state of Iowa, brought this action in equity, aided by attachment, against the defendant, a resident of the state of Ohio, to set aside a settlement, and for an accounting and judgment. The defendant's motion to dismiss the action was sustained, and judgment entered accordingly, from which the plaintiff appeals.—*Affirmed.*

*Park & Odell,* for appellant.

*Gatch, Connor & Weaver* and *J. Leonard & Sons,* for appellee.

GIVEN, J.—I. The defendant's motion to dismiss is based upon three grounds, namely, that the plaintiff has attempted to bring the defendant into court by the abuse of the process of the court; that the court had no jurisdiction of the person of the defendant; and no jurisdiction of the subject-matter of the action.

We first inquire as to jurisdiction of the subject-matter. The petition shows that the plaintiff, a resident of Iowa, and the defendant and two others, residents of Ohio, are the children and only heirs of Adam Hochstetler, who died intestate in Holmes county, Ohio, January 13, 1882, leaving said children and his widow surviving him; that for a number of years next prior to his death the decedent and the defendant were partners in buying, improving and selling real estate, and in farming operations, which business was opened and unsettled at the time the decedent

died; that the decedent was sole owner of certain real and personal property in Holmes county, Ohio, at the time of his death, and of an undivided interest in certain other real and personal property in Holmes county, in common with the defendant as his partner; and that the deceased had an interest in certain real estate in Madison county, Iowa, the title to which was in the defendant. The petition further shows that on January 23, 1882, the widow and heirs entered into an agreement in writing containing the following:

"And said heirs and legal representatives having agreed upon a division of all the real and personal property, except a small amount of personal property, and except claims which, with said undivided property, amount to about eight thousand dollars; and said heirs, desiring to save expense of administration, and all being over twenty-one years of age, hereby appoint and designate Josiah Hochstetler as agent for and in our behalf to collect all claims in favor of said estate, and make sale of all property, use, divide or dispose of the same as he may deem most profitable, and to apply all moneys collected or realized from the sale of property to, *first*, the payment of all debts of said estate; and, *second*, to divide all surplus remaining in his hands, after deducting all expenses, and an amount for compensation equal to the amount allowed by law to administrators of estates of deceased persons, equally among the three aforesaid daughters and the said Josiah Hochstetler, in the proportion of one-fourth to each person."

On the same day the defendant accepted the agency by written indorsement on said agreement. The plaintiff alleges that she was induced to enter into said agreement upon the representations of the defendant that he was sole owner of certain of said lands in Ohio and the land in Iowa, and that he was not indebted to the deceased, all of which representations

were false. Wherefore she alleges "that said settle-
ment referred to in the said contract above set out was
procured through the said fraudulent statements and
representations of defendant, and is, therefore, fraudu-
lent and void;" that, in pursuance of said written con-
tract, she and the other heirs deeded to the defendant
their interest in the lands in Ohio, and that he now
holds the same, and refuses to account to her for her
share; that the widow at the same time, "for value
received, released to the heirs her dower interest in and
to all of said property, and also by deed conveyed her
interest in and to the said real estate to the defend-
ant." The prayer of the petition is as follows:
"Wherefore, plaintiff prays that said settlement be set
aside, and the defendant be adjudged and decreed to
render a just and true and explicit account in detail of
all property of said decedent which has, at any time,
either before or after the death of the said Adam
Hochstetler, come into his hands, either as a copartner
with said decedent, or under the said agreement herein-
before set out, or otherwise, or of which he has at any
time had knowledge, or of which he has himself or his
attorneys or agent had control, and that he make full
discovery of all the property, real or personal, or of
rights in action, in which the said defendant and the
said decedent were joint owners or tenants in common,
and the disposition which he has made of such prop-
erty since the death of said decedent, that the interest
of plaintiff may be fully ascertained and determined by
this court; and that the defendant be adjudged and
decreed to account therefor, with interest thereon, and
that she have judgment for said amount of fifteen
thousand dollars ($15,000.00), and such additional
sum that may be found due her, and for costs, and
such further and other relief as she may in equity be
entitled to, and that an attachment issue against the

property of said defendant for the sum of one thousand dollars ($1,000.00), and costs."

The defendant shows, by affidavit in support of his motion, that on February 20, 1885, he was duly appointed by the probate court of Holmes county, Ohio, administrator of the estate of said decedent; that he qualified as such, and entered upon the discharge of his duties; and that the estate is not yet fully settled, and that no order of distribution among the heirs has been made; that on April 25, 1885, W. R. Shriver was duly appointed as administrator of said estate by the circuit court of Madison county, Iowa, and qualified as such; and that the estate in Iowa is still in process of settlement, and no distribution has been ordered. The plaintiff shows, in resistance of the motion, that she and another heir filed exceptions to the first account of the defendant as administrator to the probate court of Holmes county, Ohio, certain of which were sustained. The journal entry shows that those sustained were to items wherein the defendant accounted as agent under the contract. The court held that it "has no jurisdiction of the matters done as agent by agreement of heirs."

The plaintiff questions the right of the defendant to support his motion by affidavit. No such objection was made in the court below, but, on the contrary, the plaintiff not only acquiesced in the right, but filed a counter showing. The district court, no doubt, considered the petition and these showings in passing upon the motion, and under these circumstances they will be considered in this court without determining the question of practice discussed.

II. It will be seen from the foregoing that the plaintiff makes no claim against the defendant, except as relates to rights that came to her as one of the heirs of Adam Hochstetler. As such heir she is entitled to

one-fourth of the estate that may remain for distribution to the heirs upon final settlement. By the written contract she made the defendant her agent to settle the estate without administration, and to receive and dispose of her share for her. This contract she declares to be fraudulent and void, and cannot, therefore, be said to base her action upon it. She does not ask that the defendant account as such agent, nor does she show that anything has come into his hands as such. The showing is that the property in his hands is held either as surviving partner or administrator. This being the state of the record, we do not determine the legality of said contract. The petition does not show a cause of action based upon the deed made by the plaintiff to the defendant. It is not alleged upon what consideration or agreement the deed was made. If we may infer that it was to enable the defendant in his individual capacity to receive the plaintiff's share for her, there is no averment that he has received any part of her share in that capacity. It seems to us entirely clear that the subject of the action is not the liability of the defendant to account under the contract of agency or the deed of conveyance. The action is not to recover back the interest in real estate conveyed, for an accounting and a money judgment is all that is asked. The whole tenor of the petition shows the cause of action to be for an accounting by the defendant for all property that came into his hands belonging to the estate, including any balance due from him as surviving partner. It is certainly clear that the probate court of Holmes county, Ohio, has jurisdiction to require such accountings. It is not questioned but that the defendant as administrator is amenable to that court alone. In accounting to that court as administrator, he must of necessity show the state of the account with himself as surviving partner. It requires neither argument nor citations to show that the district court of the

state of Iowa has no jurisdiction to require the defendant to account as administrator of the estate of Adam Hochstetler, deceased, before final settlement and order of distrbution by the probate court of Holmes county, Ohio. The holding of the learned judge of that court that he had no jurisdiction over the defendant as agent is not in conflict with the views we have expressed. It seems to us entirely clear that the subject-matter of this action is for an accounting by the defendant as to the assets in his hands as administrator, and that the district court of Iowa has no jurisdiction to require such an accounting.

This view of the case renders it unnecessary that we notice other questions discussed. The judgment of the district court is AFFIRMED.