WILLIAM RUSSELL ALLEN *et al.* v. THE CITY OF DAVENPORT *et al.,* Appellees.

**Practice in Law and Equity:** SUPPLEMENTAL PLEADING. Code, section 3641, providing that a party may file "a supplemental pe-
4  tition, answer, or reply, alleging facts material to the case which have happened or have come to his knowledge since the

filing of the former pleading," embodies a rule long observed in chancery practice, and is applicable to procedure at law as well as in equity.

ALLOWANCE OF SUPPLEMENTAL PLEADING:    *When abuse of discretion.* It was an abuse of discretion to permit an amendment under Code, section 3641, providing that a party may file "a supplemental petition, answer, or reply, alleging facts material to the case which have happened or have come to his knowledge since the filing of the former pleading," where such amendment introduced a new and distinct cause of action, which might as well have been maintained in a separate action.

**Appealable Orders:** RULING ON APPLICATION TO AMEND ANSWER: After a procedendo was filed in the district court directing the entry of judgment for plaintiff restraining defendant city from levying a special assessment, defendant asked leave to amend its answer by setting up its right to recover the reasonable value of the materials and labor expended in the improvement which had accrued since the submission of the cause. The court overruled plaintiff's motion to strike out the application, but entered judgment in obedience to the procedendo. *Held,* that the order overruling the motion was not appealable, under Code, section 4101, subdivision 1, authorizing an appeal from an order affecting a substantial right when such order, in effect, determines the action, and prevents an appealable judgment.

SAME:    *Ruling on motion to strike said application.* The order overruling the motion to strike out the application was appealable, under Code, section 4101, subdivision 4, providing that a party may appeal from "an intermediate order involving the merits or materially affecting the final decision," as the amendment introduced a new and distinct cause of action in the form of a counterclaim.

*Appeal from Scott District Court.*—HON. JAMES W. BOLLINGER, Judge.

MONDAY, OCTOBER 21, 1901.

THE defendants appeal from an order overruling a motion to strike an amendment to the answer and supplemental answer filed after the issuance of procedendo in pursuance of opinion found in 107 Iowa, 90.—*Reversed.*

*W. T. Dittoe, Wm. Chamberlain,* and *Hiram J. Grover* for appellants.

*E. M. Sharon, Geo. W. Scott,* and *Henry Thuenen, Jr.,* for appellees.

LADD, J.—The case originally involved the validity of a contract for the improvement of a road through plaintiffs' land and the regularity of the assessment. *Allen v. City of Davenport,* 107 Iowa, 90. When *procedendo* was filed in the district court, the defendant asked leave to file an amendment to the answer and supplemental answer, and supported its motion by an affidavit. From this affidavit it appeared that the improvement was completed in December, 1896, the assessment and a levy of cost made February 2, 1897, the cause submitted January 13, 1897, and decree entered March 1, 1897. Thereupon the plaintiffs moved that the application be stricken from the files, and decree entered in conformity with the opinion of this court. This was overruled, and the defendants filed the proposed amendment in which the history of the action is outlined, the manner of the improvement stated, and the reasonable value of the material and labor therein expended alleged to be $14,675.26. Judgment was prayed for this amount, with interest, and 5 per centum thereon to defray the expenses of collection, and that it be established as a lien on the land. The plaintiffs renewed their motion, and the court overruled that part asking that the amendment be stricken, but entered decree in harmony with the decision of this court. The appeal is from this ruling, and it is insisted in a motion to dismiss that the order is not appealable. Aside from final judgments, appeals may be taken from: (1) An order made affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken." "(4) An intermediate order involving the merits or materially affecting the final decision." Code, section 4101. Had the application been denied, the ruling might have come within the first of the

above divisions. In that event final judgment would have been prevented. Many of the cases relied upon by appellees involve rulings of this character. *Adams County v. Burlington & M. R. Co.,* 44 Iowa, 335; *Adams County v. Burlington & M. R. Co.,* 55 Iowa, 94; *Reed v. Howe,* 44 Iowa, 300; *Austin v. Wilson,* 57 Iowa, 587; *Sanxey v. Glass Co.,* 68 Iowa, 542. But here the application was granted, and the ruling might be reviewed on appeal from the final judgment. If that should happen to be in appellants' favor, the order, even though erroneous, will have worked no prejudice; if against them, it might be corrected on that appeal. But was the order within the terms of the fourth paragraph? Did it involve the merits, or materially affect the final decision? An order involving the merits has been said to be one which "passes upon and determines the positive legal rights of the parties as contradistinguished from mere questions of practice which every court regulates for itself, and from all matters which depend on the discretion or favor of the court." *National Albany Ex. Bank v. Cargill,* 39 Minn. 477 (40 N. W. Rep. 570). In *Richards v. Burden,* 31 Iowa, 305, the court, in holding an order that a party was not bound to give testimony not appealable, stated: "In our opinion, the language of the statute now under consideration contemplates such judgments or orders as settle or determine the rights of the parties to the relief or remedy asked, or to a substantial right as to the course of proceedings whereby the cause is determined or tried in a manner not authorized by law." Thus a substantial right is affected when a trial by jury is improperly denied. *Price v. Insurance Co.,* 80 Iowa, 408. See, also, *Brown v. Harper,* 54 Iowa, 546; *Clark v. Lyon County,* 37 Iowa, 469. The introduction of additional evidence after reversal of the decree by this court was allowed, and in *Garmoe v. Sturgeon,* 67 Iowa, 700, the order was adjudged not appealable. But in *First Nat. Bank v. Gill,* 50 Iowa, 425, it was held that an appeal would lie from an order overruling a motion to strike

a petition of intervention filed, when nothing remained to be done in the original action save to enter judgment.  The language of the court was that the intervoners "assert the right to become parties to an action between the plaintiff and the defendants, and they demand that in that manner certain rights which they claim to possess shall be determined and enforced.  The plaintiff, by its motion to strike the petition of intervention from the files, in effect says the controversy between the plaintiff and the defendants has been determined, and therefore you have no right to intervene.  It is apparent that a decision of this question either way does involve the merits of the controversy between these parties, and materially affect the final decision respecting it."  See, also, *Bicklin v. Kendall,* 72 Iowa, 490; *Lumber Co. v. Hartwell,* 94 Iowa, 576.  The relief sought by the plaintiffs in this court was awarded.  The opinion disposed of every issue raised in the pleadings or argument. Nothing remained to be done save entering a decree in accordance therewith.  The amendment had no bearing on anything previously claimed, but stated a new and distinct cause of action in the form of a counterclaim.  Whether it might be filed after reversal, and when nothing remained to be done save entering a decree, and prosecuted as part of the original cause, was a matter involving the merits, and materially affecting the final decision.

I.  The defendants asked no affirmative relief in the original action.  All they claimed was the dismissal of the petition, and judgment for costs.  The writ of injunction demanded by plaintiffs was granted, and decree therefor entered at the time the court refused to strike the amendment to the answer and supplemental answer. In this amendment it is averred "that since the happening of said event [the assessment of costs] they have the right to interpose herein an amendment by way of counterclaim for the proper

cost and expense of said paving as against the plaintiffs and their property." The cause of action thus stated, presented for the first time in this so-called "amendment," is based primarily on an assessment of costs of the improvement, made after the submission of the original action, and therefore is in the nature of a supplemental pleading. By section 3641 of the Code either party is allowed "to make a supplemental petition, answer or reply alleging facts material to the case which have happened or have come to his knowledge since the filing of the former pleading." But this does not authorize the presentation of an entirely new cause of action. The statute simply embodies a rule long observed in chancery practice, making it applicable to procedure at law as well as in equity. Such has been the uniform holding in other states having a like statute. The following cases either expressly or impliedly hold that an entirely new cause of action may not thus be brought into the litigation: *Birmingham v. Lesan,* 77 Me. 494 (1 Atl. Rep. 151); *Prouty v. Railway Co.,* 85 N. Y. 275; *Jacob v. Lorenz,* 98 Cal. 332 (33 Pac. Rep. 119); *Bank v. Shoemaker,* 117 Pa. 94 (11 Atl. Rep. 304, 2 Am. St. Rep. 649); *Candler v. Pettit,* 1 Paige, 168 (19 Am. Dec. 399); *Jaques v. Hall,* 3 Gray, 194; *Edgar v. Clevenger,* 3 N. J. Eq. 258; *Swedish American Nat. Bank v. Dickinson County,* 6 N. D. 222 (69 N. W. Rep. 455, 49 L. R. A. 285). In the last case the decisions are exhaustively reviewed, and the conclusion reached "that the plaintiff cannot, by supplemental pleading, bring into the action a distinct cause of action arising since the beginning of the suit." This rule doubtless has no application to the pleading of a counterclaim, growing out of the same transaction as that stated in the petition, at any time prior to final submission. See *Wilson v. Wilson,* 40 Iowa, 230; Code, section 3570, par. 2. But the right then ceases, especially as to a cause of action not then in existence. Indeed, there is then no occasion for injecting a distinct cause of action into the litigation, as it,

may, with greater propriety and less inconvenience, be prosecuted in another suit. In several cases decided by this court supplemental pleadings, and also amendments, and the introduction of evidence, have been allowed after the causes have been remanded to the trial court. *Leach v. Association,* 102 Iowa, 125; *Sanxey v. Glass Co.,* 68 Iowa, 542; *Adams County v. Burlington & M. R. Co.,* 44 Iowa, 335; *Shorthill v. Ferguson,* 47 Iowa, 284; *Jones v. Clark,* 31 Iowa, 494. But this has uniformly been done in aid of the satisfactory disposition of pending issues, or in presenting issues for the express purpose of giving effect to the decree entered or directed. Thus, in *Shorthill v. Ferguson, supra,* the court held the plaintiffs entitled to recover $500 and interest upon the tender of a sufficient deed. Upon the filing of *procedendo* in the district court, plaintiffs moved for decree in accordance with the opinion, and tendered a quitclaim deed. This the defendant refused, and asked permission to amend his answer by alleging the swampy character of the land by reason of which title thereto did not pass under a railroad grant through which plaintiffs claimed, and it was held that, as suit was commenced without tendering a conveyance, it was defendant's right to object by a proper pleading to the conveyance when it was tendered. The tendering of the deed was an issue raised by the decision on the first appeal, and the defendant was merely adjudged the right to meet it by an appropriate pleading. In *Adams County v. Burlington & M. R. Co., supra,* the facts alleged in the amendment would, if true, have authorized a new trial after decree entered, and it was held that the matter might be investigated before as well as after the formal entry of the decree. The correct rule was there declared to be that: "After the reversal of a suit in equity, which is remanded for further proceedings not inconsistent with the opinion, it stands precisely as any suit in equity stands between the submission and the entry of decree, the court being fully advised in the premises, and the decision announced as to what decree should

be entered upon the pleadings and evidence as they then stand." When the case came on for rehearing at the third appeal in 55 Iowa, 94, it was remarked that the "allowance of an amendment and the tendering of a new issue in an equity case after a trial *de novo* in this court, and after procedendo filed in the court below, should be allowed only on the strongest showing of accident, mistake, or for matters arising subsequent to the decree, or the like." In *Jones v. Clark,* 31 Iowa, 497, the decree merely found Ezekial Clark entitled to some boilers, whereupon Jones refused to yield to that adjudication, and the propriety of allowing an amendment setting up these facts and demanding the value of the boilers was upheld. This was because it was essential to give effect to the adjudication of the court in the very matter litigated. See *Gray v. Regan,* 37 Iowa, 688; *White v. Farley,* 67 Iowa, 628. In no case has either party been permitted to raise a new issue for litigation except to give effect and to enforce the adjudication previously had, save when sufficient in allegation to require its consideration as a basis for a new trial.

In none has either party been permitted to present a new cause of action. There can be no good reason for opening a case after final submission, either before or after reversal by this court, for the purpose of determining a cause of action which may quite as well be investigated and decided in a separate proceeding. In the case at bar the attempt was to plead a cause of action at law not in existence when the original case in equity was submitted, and to present it for the first time after every issue raised by the pleadings had been fully disposed of except the formal entry of the decree. To prosecute a counterclaim under such circumstances amounts to nothing less than the maintenance of a new and separate action under the old title. See *First Nat. Bank v. Gill,* 50 Iowa, 425, and *Bicklin v. Kendall,* 72 Iowa, 490. The remedy was in a new action, and to permit the filing of the counterclaim under the

circumstances disclosed a clear abuse of discretion.—RE-VERSED.

WATERMAN, J., took no part.