ALEXANDER J. IRWIN, Plaintiff, v. KEOKUK SAVINGS BANK & TRUST COMPANY, Defendant, Appellee; ELIZABETH R. GALUSHA, Defendant, Appellant.

No. 42463.

MAY 15, 1934.

G. L. Norman and Burrows & Burrows, for defendant-appellee.

B. F. Jones and Hollingsworth & Hollingsworth, for plaintiff Alexander J. Irwin.

J. O. Boyd and Bertha Pflug Boyd, for defendant-appellant.

KINDIG, J.—On January 18, 1932, Alexander J. Irwin filed a petition naming as defendant the Keokuk Savings Bank & Trust Company, executor of the estate of A. E. Johnstone, deceased, now the appellee. In his petition, the plaintiff claimed that he did not receive from said executor a $5,000 bequest provided for him in the will of A. E. Johnstone. Thereupon the defendant executor, perhaps as a matter of precaution, filed an application to have Elizabeth R. Galusha, a minor brought into the case.

According to such application a portion of the Johnstone estate claimed by the plaintiff was distributed by the executor to the minor, the defendant and appellant, and others.

Further it is alleged in the application that the executor does not now have on hand sufficient funds belonging to the estate to pay the plaintiff the amount of the bequest to him, named in the will.

Therefore, the defendant executor prayed in the application that the minor be made a party to the proceedings, and that judgment be entered against that minor for a sufficient amount to properly compel the minor to contribute to the plaintiff the sum which the minor was overpaid by the executor.

. By an order, the district court authorized the defendant executor to make the minor a party to the proceedings. Accordingly, a purported notice of the suit was attempted to be served upon the minor. Then the minor appeared specially in the proceeding and objected to the jurisdiction of the district court on the theory that the notice was not served upon her, as required by law. The special appearance was presented to the district court, and that tribunal

ruled, on July 27, 1933, that "said motion to suppress service of notice should be, and the same is hereby overruled."

Although the minor excepted to that ruling of the district court, she did not stand on her special appearance or permit judgment to be entered against her before appealing. But, without standing on her special appearance or permitting judgment to be entered against her, the minor attempted to appeal to this court. A motion to dismiss the appeal is now filed by the defendant-appellee, Keokuk Savings Bank & Trust Company, executor of the estate of A. E. Johnstone, deceased, on the theory that the ruling on the minor's special appearance is not an appealable order because the minor did not stand on her special appearance or permit judgment to be entered against her.

I. If the minor desired to appeal to this court from the adverse ruling of the district court on her special appearance, she, of course, could not appear generally and plead to the merits of the case. State v. Knapp, 178 Iowa 25, 158 N. W. 515; Crouch v. National Livestock Remedy Company, 205 Iowa 51, 217 N. W. 557; Scott v. Price Bros. Co., 207 Iowa 191, 217 N. W. 75; Music v. DeLong, 209 Iowa 1068, 229 N. W. 673.

On the other hand, the question is, When appealing was it necessary for the minor to stand on her special appearance or permit judgment to be entered against her? For a reason sufficient unto itself, the legislature of Iowa has separated a proceeding on a special appearance for the purpose of making objection to jurisdiction, on the one hand, from a trial, on the other hand, of either legal or fact issues after a general appearance. See section 11088 of the 1931 Code. Until the legislature adopted section 11088 of the present Code, it looked "with disfavor upon the special appearance as a dilatory procedure." See Scott v. Price Bros. Co., supra. Formerly all appearances were considered general, and, in order to change that situation, the legislature adopted section 11088 above mentioned. Apparently, therefore, by the adoption of section 11088, the legislature intended that there might be a trial upon a jurisdictional question before a general appearance and then a trial on issues of fact and law after the general appearance. Two trials, therefore, are contemplated by section 11088 of the Code. This fact distinguishes appeals from demurrers and motions to dismiss. See Frazier v. Wood, 215 Iowa 1202, 247 N. W. 618. Because, then, the legislature has provided for two trials, as before indicated, it

must of necessity be that the ruling on the appearance attacking the jurisdiction is a final order from which an appeal may be taken to this court. See cases above cited.

Assuming that the order thus overruling the plea to the jurisdiction raised in the special appearance is final, an appeal may be taken therefrom the same as an appeal may be taken from a judgment. The judgment determines all issues of law and fact raised by the pleadings. Likewise an order of the court overruling the plea to the jurisdiction, raised by the special appearance, finally determines that issue. Consequently the losing party may appeal. Of course, if the defendant appeals from such a ruling, the plaintiff, unless restrained by an order of this court, may proceed to prove up his case and obtain judgment even pending the appeal. Furthermore, a requirement that the defendant cannot appeal from the adverse ruling on the issue raised by a special appearance, unless he permits judgment to be entered against him, would amount in fact to a confusion of the issues raised under the special appearance with those which might have been raised under a general appearance, which has not been made.

As above suggested, the minor must stand upon her special appearance to the extent that she does not appear generally, for if she appears generally, the alleged errors relating to the ruling on the special appearance will not be reviewed on appeal. Therefore there is a sense in which, by the very necessity of the case, the minor in effect, although not affirmatively so announcing, does stand upon her special appearance when appealing; because if she fails in effect to stand upon her special appearance to the extent just indicated, and in some way appears generally, she will waive all questions raised under the special appearance. It is not necessary under the law that she in any other way elect to stand upon her special appearance. So, for the reasons above suggested, we hold that it was not necessary for the minor in the case at bar to especially elect to stand upon her special appearance or suffer judgment to be entered against her before appealing.

The decisions from other jurisdictions, cited by the appellee, are of little, if any, help because they construe statutes different from ours, under a rule of procedure which we do not follow. See Scott v. Price Bros. Co. (207 Iowa 191, 217 N. W. 75), supra.

II. In the second place, it is suggested that the question raised by the minor in her special appearance is, in fact, moot for the

reason that the district court already had jurisdiction of the subject of the suit because of the notices served when the appellee became the executor of the A. E. Johnstone estate. See Dillinger v. Steele, 207 Iowa 20, 222 N. W. 564.

It is unnecessary for us to decide at this time the limits of the court's jurisdiction over the minor because of the notice served when the appellee became executor of the estate. Under the proceeding adopted by the appellee, as evidenced by the order of court before mentioned, it contemplated the additional notice now attacked by the minor. Such additional notice now under consideration is asserted as a basis for a personal judgment against the minor for moneys said to have been wrongfully distributed to her by the appellee executor. Manifestly, therefore, the appellee is not attempting to obtain jurisdiction of the minor because of the notice served at the time it was appointed executor, but reliance is made on the additional notice now under attack. We do not decide the merits of the controversy. Our decision is limited to the motion to dismiss the appeal. Clearly the appeal should not be dismissed.

Wherefore, the appellee's motion to dismiss the appeal is overruled.—Motion to dismiss appeal overruled.

All Justices concur.