ALEXANDER J. IRWIN, Plaintiff, v. KEOKUK SAVINGS BANK & TRUST COMPANY, Defendant, Appellee; ELIZABETH R. GALUSHA, Defendant, Appellant.

No. 42463.

JUNE 23, 1934.

B. F. Jones and Hollingsworth & Hollingsworth, for plaintiff.

J. O. Boyd and Bertha Pflug Boyd, for appellant.

G. L. Norman and Burrows & Burrows, for appellee.

STEVENS, J.—On or about January 18, 1932, Alexander J. Irwin commenced an action against the Keokuk Savings Bank & Trust Company, executor of the estate of Alexander E. Johnstone, deceased, to recover of such executor a specific bequest of $5,000 made to him by the Johnstone will. The action, commenced at law, was subsequently, on motion, transferred to and tried in probate. During the pendency of that action and prior to the trial, an application was made therein to the court by the executor for an order to make certain designated parties defendants. Among the parties named was Elizabeth R. Galusha, a minor, appellant herein. The application for additional parties having been sustained by the court and an order entered as prayed, a notice was served upon Don L. Galusha, guardian of Elizabeth R., by the sheriff in Lee county. Elizabeth R. Galusha appeared in response to the notice specially and asked that the same be quashed upon numerous grounds, among which was that she and her guardian, upon whom service was had, are both residents of Westchester county, New York, where the guardianship arose. The motion to quash the notice was overruled by the court, and from that ruling Elizabeth R. Galusha has appealed.

This appeal involves only the ruling of the court upon the special appearance and motion to quash. A motion to dismiss the appeal upon the ground that the order was not one from which an appeal might be taken was filed in this court. An opinion sustaining the right of appeal from such order was filed in this court on May 15th, 218 Iowa 470, 254 N. W. 806. In the meantime, the principal action brought against the executor was tried in the probate court of Lee county resulting in a judgment against the executor and in favor of the plaintiff, as prayed. An appeal prosecuted by the executor from such judgment was recently submitted to this court and an opinion affirming the judgment is filed concurrently herewith. 218 Iowa 477, 255 N. W. 671. This leaves .for decision at this time only the propositions presented on the appeal of Elizabeth R. Galusha from the order overruling the special appearance and the refusal of the court to quash the notice. The application filed by the executor for an order to make additional parties is somewhat

lengthy, but, so far as the same is material at this time, the following will suffice:

About one year after the appellee executor qualified as such, an order was obtained from the probate court of Lee county authorizing the executor to turn over to the father of Alexander J. Irwin a note for $5,000, secured by trust deed to land in the state of Missouri in payment and satisfaction of the special bequest made to plaintiff by the will of Alexander E. Johnstone. No guardian was ever appointed for Alexander J. Irwin who was but nine or ten years of age at the time of the transaction. Upon becoming of age, the aforesaid legatee brought this action to recover his legacy. With the merits of the main action we are not now concerned. They are dealt with fully in the opinion filed herewith.

It is further recited in the application for additional parties that the remaining property of the Johnstone estate under the control or in the possession of the executor is insufficient to pay a judgment, if one should be entered, and that it will be necessary to seek reimbursement from the beneficiaries to whom overpayments have been made. The purpose of the application, as stated therein, is to secure an adjustment of the rights and remedies of the beneficiaries to whom overpayments have been made and of the executor with respect thereto. No personal judgment is asked against either appellant or her guardian in the notice in controversy and, so far as the record shows, no pleading has been filed in the court below in which such relief is prayed. It does, however, appear herein that there is a small amount of cash and one piece of real property belonging to the Johnstone estate still in the possession of or under the control of the executor. The notice served upon Don L. Galusha, guardian, in pursuance of the order of the court, does not purport to be an original notice. This appellee concedes. It was, in fact, signed by the sheriff and not by the executor or his attorney. Whether the procurement of a personal judgment against appellant in the future is contemplated by the appellee executor, the court has no means of ascertaining. The record must be dealt with upon the basis of what it now shows. As no personal judgment is asked, it may be assumed that none will, in the present state of the record, be allowed by the court. It may not, however, be out of place for the court at this time to state the familiar rule that the authority of a guardian is limited to the state within which the appointment is made. Both appellant Elizabeth R. Galusha and her guardian are,

as previously stated, residents of Westchester county, New York, where the guardianship arose. Jurisdiction to enter a personal judgment against a minor resident in another state may not be obtained by the service of an original notice upon such guardian in the state of Iowa. O'Connor v. Root, 130 Iowa 553, 107 N. W. 608; Snyder v. Hochstetler, 88 Iowa 621, 55 N. W. 573; Creswell v. Slack, 68 Iowa 110, 26 N. W. 42; Knight v. Railway, 160 Iowa 160, 140 N. W. 839; Nash v. Benari, 117 Me. 491, 105 A. 107, 3 A. L. R. 61; In re Nickals' Estate, 21 Nev. 462, 34 P. 250; McMaster v. Gould, 239 N. Y. 606, 147 N. E. 214, 40 A. L. R. 792; Stacy v. Thrasher, 6 How. 44, 12 L. Ed. 337; Lawrence v. Nelson, 143 U. S. 215, 12 S. Ct. 440, 36 L. Ed. 130; Morgan v. Potter, 157 U. S. 195, 15 S. Ct. 590, 39 L. Ed. 670.

We shall not at this time undertake to determine the full scope or limit of the court's jurisdiction in the further proceedings in probate acquired by virtue of the notice given by the executor of his appointment as such, nor of the notice complained of. No such question is now before us for decision. In so far as the ruling of the court may be interpreted as confirming jurisdiction thereof to enter a personal judgment against appellant, it must be modified to the extent herein indicated. In all other respects, the ruling will be permitted to stand—Modified and affirmed.

All Justices concur.