ALEXANDER J. IRWIN, Plaintiff, v. KEOKUK SAVINGS BANK & TRUST COMPANY, Executor, Defendant, Appellee; DON L. GALUSHA, Defendant, Appellant.

No. 42462.

OCTOBER 16, 1934.

See, also, 218 Iowa 470, 254 N. W. 806; 218 Iowa 474, 255 N. W. 670.

B. F. Jones and Hollingsworth & Hollingsworth, for plaintiff.

J. O. Boyd and Bertha Pflug Boyd, for appellant.

G. L. Norman and Burrows & Burrows, for appellee.

KINTZINGER, J.— This action was commenced by Alexander J. Irwin, plaintiff, against the Keokuk Savings Bank & Trust Company, defendant, in January, 1932, to recover a bequest of $5,000 given plaintiff under the will of A. E. Johnstone, deceased. The petition alleged that the bequest was never paid to or received by the plaintiff, and he asks judgment against the defendant therefor.

The application to bring in appellant as a party defendant alleges that Alexander E. Johnstone died in Lee county, Iowa, February 27, 1920, leaving a last will under which the defendant was appointed executor; that Alexander J. Irwin, plaintiff, was a minor,

and the executor paid the bequest left him by giving his parents and natural guardians a $5,000 note and mortgage therefor; that after this and the other specific bequests were paid, the executor, by order of court, distributed practically all the remainder of the estate among decedent's children (1) Florence Johnstone Irwin, (2) Elizabeth Johnstone Galusha, and (3) Edward Knox Johnstone, the residuary beneficiaries; that thereafter there were not sufficient funds or property in the estate to pay the money claimed by plaintiff.

The application also alleges that Elizabeth J. Galusha, one of the residuary legatees, died in 1922, leaving two minor children, Mary J. Galusha and Elizabeth R. Galusha, and this defendant, Don L. Galusha, as her surviving spouse; that said Mary J. Galusha died in 1927 leaving as her only heirs Elizabeth R. Galusha, her sister, and Don L. Galusha, her father. There is no allegation that any of the property left by his wife or daughter was ever received by Don L. Galusha personally. The application further alleges that Don L. Galusha et al. are perfectly solvent and well able to pay the plaintiff herein the amount demanded from the defendant-executor, and that said Don L. Galusha is a necessary party to the determination of this action.

The application admits that the defendant-executor *"has no knowledge or information as to what part of the estate of Elizabeth J. Galusha or her daughter, Mary J. Galusha passed to Don L. Galusha."* Upon the ex parte hearing on the application, the lower court ordered the defendant, Don L. Galusha, made a party defendant to this action. Although numerous other pleadings have been filed, no further pleadings were filed as against Don L. Galusha, appellant.

After entering the order making Don L. Galusha a party defendant, he filed a motion to vacate the order on the grounds, among others, of misjoinder of parties; that he was not a necessary party to the determination of the action between plaintiff and the defendant-executor; that he is not in any manner interested in the action between the plaintiff and the defendant-executor; that the application did not allege that he received any part of the A. E. Johnstone estate; and that under the facts alleged the defendant-executor has no claim for recoupment against Don L. Galusha.

The court overruled the appellant's motion to vacate the order bringing in Don L. Galusha as a defendant, and he appeals.

We have previously determined other branches of this case in relation to making other parties defendants, in Irwin v. Keokuk Savings Bank & Trust Company, 218 Iowa 470, 254 N. W. 806, and 218 Iowa 474, 255 N. W. 670. We have also determined the main controversy alleged in plaintiff's petition by sustaining plaintiff's claim against the defendant-executor in Irwin v. Keokuk Savings Bank & Trust Company, 218 Iowa 477, 255 N. W. 671.

The only question left and raised on this appeal relates to the right of making the defendant, Don L. Galusha, a party defendant herein.

I. The petition in this case is simply a claim by the plaintiff against the executor for the payment of the legacy left him by A. E. Johnstone, deceased. The defendant-executor seeks to make the appellant a party to this proceeding for the purpose of recouping from him any amount for which the executor might be held liable to the plaintiff.

In order to make the appellant a proper party for this purpose, it would at least be necessary to first show that he was in some manner interested in the litigation. He was not one of the legatees of the estate of A. E. Johnstone, and it is not alleged that he received any part of the Johnstone estate through his wife or daughter. An allegation to this effect would be necessary to show his interest in the estate. No such allegation is made. True, it is alleged that he was the surviving spouse of Elizabeth J. Galusha, deceased, and the father of Mary J. Galusha, deceased, but there is no allegation that either of these relatives died seized of any of the property they received from the Johnstone estate; nor is there any allegation to show that any part of their estate was ever received by Don L. Galusha. For this reason it is clear that he is not a necessary party to this action. There must be some privity shown between the parties in order to bring them into the action. In the absence of such a showing, he would not be a proper party to this action. Code section 10981; 41 C. J. 31; 50 C. J. 405; McDonald & Co. v. Gregory, 41 Iowa 513, loc. cit. 516; McConnell v. Poor, 113 Iowa 133, loc. cit. 138, 84 N. W. 968, 52 L. R. A. 312; Bellevue Bank v. Sec. Nat. Bank, 168 Iowa 707, loc. cit. 713, 150 N. W. 1076; Leach v. First Nat. Bank, 206 Iowa 265, loc. cit. 270, 217 N. W. 865.

In order to bring in third parties under our statute, it is necessary to show that they are in some manner interested in the litigation. There being no showing under the record in this case that

Don L. Galusha was in any manner interested or a necessary party for the determination of this action, we are constrained to hold that the lower court erred in overruling appellant's motion to vacate the order making him a party defendant.

II. Appellee also filed a motion to dismiss appellant's appeal on the ground that the order appealed from is not an appealable order. This was submitted with the case.

Section 12823 provides:

"An appeal may also be taken * * * from: 1. An order made affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment from which an appeal might be taken. * * * 4. An intermediate order involving the merits or materially affecting the final decision."

Under this statute an order may be appealed from which affects a substantial right in an action, and which in effect prevents a judgment from which an appeal might be taken. It includes an intermediate order involving the merits or materially affecting the final decision. So far as the record in this case shows, this was clearly an action between the plaintiff and the executor of the estate. There is no allegation in any of the pleadings set out in the record in this case or in the application to make appellant a party, in any way tending to show that the appellant, Don L. Galusha, was in any manner interested in the dispute between the plaintiff and the defendant-executor. If appellant was entitled to have his motion sustained because of the grounds enumerated therein, among which are a misjoinder of parties, an overruling of the motion would necessarily prejudicially affect the rights of this appellant and an appeal would lie. That such is the settled rule in this state is supported by the following authorities: Ellis v. Bruce, 215 Iowa 308, loc. cit. 311, 245 N. W. 320; First Nat. Bank v. Gill & Co., 50 Iowa 425; Benson v. Charles Weitz' Sons, 211 Iowa 489, loc. cit. 494, 231 N. W. 431; Dorman v. Credit Ref. & Rep. Co., 213 Iowa 1016, loc. cit. 1019, 241 N. W. 436; Schultz v. Cons. Ind. Sch. Dist., 200 Iowa 293, 204 N. W. 281; Manley v. Paysen, 215 Iowa 146, 244 N. W. 863; Allen v. City of Davenport, 115 Iowa 20, 87 N. W. 743; Seiffert & Wiese Lumber Co. v. Hartwell, 94 Iowa 576, 63 N. W. 333, 58 Am. St. Rep. 413; Bolton v. Donavan, 9 N. D. 575, 84 N. W. 357.

In Ellis v. Bruce, supra, loc. cit. 318, we said:

"One ground urged in support of his motion is that the order complained of was not prejudicial, and that the court will not reverse or consider a nonprejudicial order. If the order was erroneous it was presumed to be prejudicial. Moreover, the statute by its terms implies that a misjoinder of causes of action is ordinarily prejudicial and lays a mandate upon the court to so regard it. The question before the trial court therefore was: Is there a misjoinder of causes of action? Yea, or nay? If yea, the statute is peremptory and confers no discretion upon the court to do otherwise than to separate the causes. The same mandate applies to this court on appeal."

In First Nat. Bank v. Gill & Co., supra, the court says:

"The intervenors, by the filing of the petition of intervention, assert the right to become parties to an action between the plaintiff and the defendants, and they demand that in that manner certain rights which they claim to possess shall be determined and enforced. The plaintiff, by its motion to strike the petition of intervention from the files, in effect says the controversy between plaintiff and the defendants has been determined, and, therefore, you have no right to intervene. It is apparent that a decision of this question either way does involve the merits of the controversy between these parties, and materially affect the final decision respecting it. If the court had sustained the motion to strike the petition of intervention from the files, can it be doubted that the intervenors would have had the right of appeal? The right must be reciprocal."

In Bolton v. Donavan, supra, there was an order bringing in a third party, and plaintiff appealed therefrom. The North Dakota statute is practically like ours. In that case the court said:

"The case of Chapman v. Forbes [123 N. Y. 532, 26 N. E. 3] is much in point. In that case an appeal was taken from an order granting a motion made in the trial court by the defendant to bring a party into the action as an additional defendant. The court of appeals held that the order was reviewable on appeal therefrom * * * Under a statute which gave the right to appeal from an order 'affecting a substantial right,' it was held in New York that an order of reference made in a case where no reference could lawfully be made was appealable. (Citing authorities.) * * * Under the authority of these adjudications we shall be constrained to hold

that the order in question involves the merits, and is an appealable order."

The effect of the lower court's order in this case was to prevent an adjudication on the issue raised to set aside the ex parte order making appellant party to this action. No cross-petition or pleading of any kind has been filed in any manner showing that the appellant is interested in the dispute between the plaintiff and the defendant-executor. That was a law action, and defendant Galusha, under the facts shown in the record in this case, is not a party thereto. Not being a party to that action, and there being no allegation that the appellant had ever received any part of the legacy given to the plaintiff, we are unable to see how he can be brought in.

The order appealed from, if not reversed, will necessarily compel the appellant to defend a claim without any allegation in the record connecting him with the controversy. It was therefore an order affecting a substantial right of appellant in this action, and prevented an adjudication on the issue raised in the defendant's motion to set aside the order. The motion to dismiss the appeal is overruled.

For the reasons set out, the order should be, and is, reversed.

MITCHELL, C. J., and STEVENS, CLAUSSEN, ANDERSON, and ALBERT, JJ., concur.